**In re Robert WHITLOW, Debtor.**

**Bankruptcy No. B86–03580.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 1, 1987.

John F. Hersch, Brooklyn Heights, Ohio, for debtor.

Richard Kenney, Jr., Cleveland, Ohio, for Ameritrust Co.

Myron E. Wasserman, Cleveland, Ohio, Chapter 13 Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the motion of Robert Whitlow (Debtor) seeking under § 554(b) [11 U.S.C. 554(b) ], abandonment of personal property and an order which, if granted, would restore him to possession of a certain checking account. A hearing was held with due notice having been made upon all parties entitled thereto. In response, Ameritrust Company (Ameritrust), a judgment creditor, filed its brief in opposition to such relief. Upon examination of the pleadings with supporting documentation, the following findings are made pursuant to Rule 7052, Bankr.Rules:

### I.

Prepetition, Ameritrust obtained a state court judgment against the Debtor in the amount of $1,929.84 and commenced garnishment proceedings to enforce its judgment. In part, the subject of such proceeding was Debtor's $508.47 on deposit at Bank One of Cleveland. Subsequently, a state court exemption hearing was scheduled to determine the extent of the Debtor's exemption interest in this personal checking account containing the $508.47. Before that hearing could be held, the Debtor petitioned and received an order of relief under Chapter 7, which later was converted to the present Chapter 13 case. Herein, the Debtor seeks to have the $508.47 abandoned from his estate and, consequently, have himself restored to possession of the checking account.

In support of his motion for abandonment, the Debtor contends that the amount in his checking account is property of his bankruptcy estate, pursuant to § 1306(a) and (b) [11 U.S.C. 1306(a) and (b) ] and, further, constitutes exempt property pursuant to O.R.C. 2329.66(A)(4)(a) and 2329.-66(A)(17).[1] On the other hand, objectant Ameritrust concedes that the funds in the subject checking account should be abandoned, but any abandonment should inure to its benefit and not to the Debtor's since Ameritrust's garnishment interest attached to the subject funds prepetition. Ameri-

---

1. "§ 2329.66 Property that a person domiciled in this state may hold exempt [Eff. 12–1–86].

   (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

   ... (4)(a) The person's interest, not to exceed four hundred dollars, in cash on hand ... and money on deposit with a bank.... This divi-

   sion applies only in bankruptcy proceedings...." O.R.C. 2329.66(A)(4)(a).

   "... (17) The person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings." O.R.C. 2329.66(A)(17)

   The Debtor has claimed this property under § 1306 but the Court questions this characterization.

trust further asserts that the exemptions which the Debtor presently seeks were not available to him in the non-bankruptcy proceeding which was pending prepetition, and therefore the Debtor possessed no exemptible interest at the point in time of filing his petition in bankruptcy. Ameritrust further avers that to the extent the Debtor may have any recognizable interest in the subject account, that interest would be junior to that of Ameritrust.

## II.

The issue before the Court is whether the Debtor has an exemptible interest in a garnishment lien which attached prepetition. In deciding this matter, an examination of applicable state law is beneficial. *In re Johnson*, 53 B.R. 919 (Bankr.N.D.Ill. 1985). Specifically, § 2329.66(C)(1) of the Ohio Revised Code [O.R.C. 2329.66(C)(1)] provides, in relevant part:

(C) For purposes of this section, "interest" shall be determined:

(1) In bankruptcy proceedings, as of the date a petition is filed with the bankruptcy court ....

In the matter at bar, Ameritrust obtained a state court judgment against the Debtor in the amount of $1,929.84. To enforce its judgment, Ameritrust caused to be filed an affidavit for garnishment with the Cleveland Municipal Court. As a result, Bank One of Cleveland (Bank One), in addition to several other banks, was served with a Court order and notice of garnishment on November 7, 1986. Bank One is the depository bank for the subject checking account and so acknowledged this fact to the Municipal Court by letter dated November 25, 1986. The Debtor filed his bankruptcy petition on November 14, 1986. These facts are undisputed. From the facts, it is rather apparent that Ameritrust perfected its garnishment lien prior to the Debtor's bankruptcy petition. The amount on deposit in the subject account is $508.47, which is substantially less than Ameritrust's judgment lien against the Debtor (i.e., $1,929.84).

The state exemptions which the Debtor seeks to effect under O.R.C. 2329.-66(A)(4)(a) and (17) were clearly not available to the Debtor until and once he filed his bankruptcy petition. His bankruptcy filing occurred on November 14, 1986, one week after issuance of the garnishment order by the municipal court. As provided above, any exemptible interest is determined in a bankruptcy proceeding as of the petition filing date. O.R.C. 2329.66(C)(1). The effect of Ameritrust's prior garnishment order left no interest upon which the Debtor could obtain an exemption once he filed his bankruptcy petition, since the amount of the lien exceeds the amount of the subject deposit. *See*, Section 2716.-13(B) of the Ohio Revised Code [O.R.C. 2716.13(B)]; *In re Alpco*, 62 B.R. 184 (Bankr.S.D.Ohio 1986). Further, under Ohio law it is well-established that a debtor can exempt only an interest in property which is not subject to any third-party liens. *See*, *In re Spears*, 744 F.2d 1225 (6th Cir.1984); *In re Pine*, 717 F.2d 281, 284 (6th Cir.1983).

Accordingly, there being no objection to the Debtor's motion to abandon and the Debtor having no exemptible interest in the subject checking account, said motion is granted. Further, Ameritrust's garnishment does not constitute a voidable preference by reason of the exception set forth at 11 U.S.C. 547(c)(7).

IT IS SO ORDERED.