**In re Kenneth DIXON and Vivian Dixon, Debtors.**

**FORD MOTOR CREDIT CORP., Plaintiff–Appellant,**

v.

**Kenneth DIXON and Vivian Dixon, Defendants–Appellees,**

**Michael A. Gallo, Chapter 13, Trustee, Intervenor.**

No. 88–3472.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1989.

Decided Sept. 19, 1989.

Rehearing and Rehearing En Banc Denied Nov. 7, 1989.

Richard C. Kenney, Jr. (argued), Weltman, Weinberg & Associates, Cleveland, Ohio, for Ford Motor Credit Corp.

Donn Rosenblum (argued), UAW–GM Legal Services Plan, Robert S. Hartford, Nadler, Nadler & Burdman, Youngstown, Ohio, for Kenneth Dixon and Vivian Dixon.

Michael A. Gallo, Joseph C. Lucci (argued), Nadler, Nadler & Burdman, Youngstown, Ohio, Chapter 13 Trustee.

Before KRUPANSKY and WELLFORD, Circuit Judges, and JOINER, Senior District Judge *.

KRUPANSKY, Circuit Judge.

Plaintiff-appellant, Ford Motor Credit Corp. (Ford), has appealed from the district court's determination in favor of defendants-appellees, Kenneth and Vivian Dixon (Dixons), affirming the bankruptcy court's

* The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

conclusion that the Dixons were entitled to avoid Ford's judicial lien encumbering the Dixons' residence pursuant to 11 U.S.C. § 522(f).

On August 21, 1987, the Dixons filed a joint petition for reorganization pursuant to Chapter 13 of the Bankruptcy Code. In their petition, the Dixons stated that they jointly owned their residence, located at 333 Alameda Avenue, Youngstown, Ohio. Relying on Ohio Rev.Code § 2329.66(A)(1), the Dixons claimed, in their petition, a homestead exemption in the amount of $10,000. Encumbering the Dixons' residence was a first mortgage in the amount of $28,000, held by Society Bank of Eastern, Ohio N.A. (Society). Additionally, Ford possessed a judgment lien against the Dixons' residence in the amount of $3,878.69. This judgment lien derived from the repossession of the Dixons' automobile as a result of delinquent payments. The stipulated fair market value of the Dixons' residence was $32,000 at the time their petition for reorganization was filed.

On September 11, 1987, the Dixons filed a motion to avoid the judgment lien held by Ford against their residential property, claiming that the lien impaired their joint homestead exemption of $10,000 pursuant to Ohio Rev.Code § 2329.66(A)(1). Ford, on September 28, 1987, filed an objection to the motion and a hearing was conducted on October 1, 1987 in the United States Bankruptcy Court for the Northern District of Ohio. The bankruptcy court concluded that Ford's judgment lien on the Dixons' residence impaired the Dixons' homestead exemption, and accordingly, the bankruptcy court avoided Ford's judicial lien pursuant to 11 U.S.C. § 522(f). *In re Dixon,* 79 B.R. 702 (Bankr.N.D.Ohio 1987). Ford thereafter filed a timely notice of appeal to the United States District Court for the Northern District of Ohio.

On appeal to the district court, Ford urged that the bankruptcy court had erred by avoiding its judicial lien pursuant to 11 U.S.C. § 522(f). Ford argued that the Ohio

homestead exemption provided by Ohio Rev.Code § 2329.66(A)(1) was only impaired when the residence was subject to a judicial sale. Ford contended that, if there was no pending judicial sale, the Dixons could not avoid its lien pursuant to 11 U.S.C. § 522(f). On April 23, 1988, the district court affirmed the bankruptcy court's decision concluding that the Dixons could avoid Ford's judicial lien without a pending involuntary sale. *In re Dixon,* 85 B.R. 745 (N.D.Ohio 1988). Ford thereafter filed this timely appeal.

Initially, it should be noted that "[f]act findings of the bankruptcy court are reviewed for clear error." *In re Fulghum Const. Corp. (Waldschmidt v. Ranier),* 872 F.2d 739, 742 (6th Cir.1989) (quoting *Morgan v. K.C. Mach. & Tool Co.,* 816 F.2d 238, 244 (6th Cir.1987)). "But where the bankruptcy court's fact finding arises from a misunderstanding of the law, it is reviewed for plain error of law." *Id.* at 742; *see also In re Commercial Western Finance Corp. (Brady v. Andrew),* 761 F.2d 1329 (9th Cir.1985).

On appeal to this court, Ford argued that a judicial lien could be avoided pursuant to Section 522(f) only when it impaired the homestead exemption claimed by the Dixons.[1] Ford contended that, pursuant to the plain language of Ohio Rev.Code § 2329.66(A)(1), the homestead exemption only became impaired by a pending judicial sale. Consequently, Ford urged that, until there was a pending judicial sale of the Dixons' residence, the avoidance of its judgment lien by the bankruptcy court was premature.

Subsequent to the recognition of a homestead exemption by the bankruptcy court, a debtor may avoid a judicial lien pursuant to 11 U.S.C. § 522(f) which provides, in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien

---

1. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or pleading." 11 U.S.C. § 101(30). Accordingly, since Ford had obtained a deficiency judgment against the Dixons as a result of its repossession and sale of the Dixons' automobile, there was no dispute that Ford held a valid judicial lien against the Dixons.

*impairs* an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien....

11 U.S.C. § 522(f) (emphasis added). This section authorizes a debtor to avoid any lien on property to the extent the lien impairs the debtor's exemption. The avoidance power is applicable only after there has been an initial determination by the bankruptcy court that the property is exempt, *In re Pine,* 717 F.2d 281 (6th Cir. 1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), and that the judicial lien impairs the exemption. *In re Peck (National Deposit Guarantee v. Peck),* 55 B.R. 752 (N.D.Ohio 1985).

The bankruptcy code identifies the property which a debtor may claim as an exemption and fixes the amount of the exemption. 11 U.S.C. § 522(b). Section 522(b) permits a debtor to elect between the exemptions provided by the state in which he/she has been domiciled for the 180 days next preceding the filing of the petition in bankruptcy or the laundry list of federal exemptions provided in Section 522(d). 11 U.S.C. § 522(b)(2)(A). *See generally,* 3 Collier on Bankruptcy ¶ 522.02, at 522–10 to 522–14 (15th ed. 1988). However, Section 522(b)(1) empowers each state with the election to "opt out" of the federally structured exemptions or to replace the federal scheme with its own specific compendium of exemptions. 11 U.S.C. § 522(b)(1). Ohio has elected to "opt out" of the federal manual of exemptions and has restricted its residents to those exemptions identified in Ohio Rev.Code § 2329.66(A). Ohio Rev.Code § 2329.662.[2]

Accordingly, an Ohio debtor may avoid liens only on that property which the state has declared subject to exemption. *See In re Pine,* 717 F.2d at 284 ("[S]ection 522(f) cannot be utilized independently of § 522(b); the debtors may avoid liens only on that property which the states have declared to be exempt."); *In re Spears,* 744 F.2d 1225 (6th Cir.1984) (per curiam); *Bessent v. United States,* 831 F.2d 82 (5th Cir.1987); *In re McManus (McManus v. Avco Financial Services),* 681 F.2d 353 (5th Cir.1982).

The Ohio homestead exemption authorizes a debtor to exempt from the bankruptcy proceedings an interest in a residence in an amount not to exceed $5,000. The Ohio homestead exemption provides, in pertinent part as follows:

(A) Every person who is domiciled in this state may hold property exempt from *execution, garnishment, attachment, or sale to satisfy a judgment or order,* as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence....

Ohio Rev.Code § 2329.66(A)(1) (emphasis added). Ford has argued that the Ohio exemption is available only in the face of "execution, garnishment, attachment or judicial sale," and since there had been no pending judicial sale of the Dixons' residence, the avoidance of its lien by the bankruptcy court was premature. The issue is one of first impression to this court.[3]

---

**2.** Ohio Rev.Code § 2329.662 provides:
   Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C. § 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the "Bankruptcy Act of 1978," 92 Stat. 2549, 11 U.S.C. § 522(d).

**3.** There currently is conflict of authority among the district and bankruptcy courts which have addressed this issue in this circuit. *Compare In re Peck (National Deposit Guarantee v. Peck),* 55 B.R. 752 (N.D.Ohio 1985) (The plain language of the Ohio exemption statute explicitly mandates that an exemption was impaired only upon a pending "execution, garnishment, attachment or

sale to satisfy a judgment."); *In re Wolf,* 58 B.R. 354, 356–57 (Bankr.N.D.Ohio 1986) ("Furthermore, absent involuntary disposition of Debtor's property, the exemption is not impaired. Section 522(f) avoidance is available only to the extent 'a lien impairs the exemption.' Absent involuntary disposition, therefore, Section 522(f) is unavailable as a mechanism for avoiding judicial liens."); *with In re Brown,* 81 B.R. 432, 434 (N.D.Ohio 1985) (Debtors were allowed to avoid a judicial lien pursuant to Section 522(f) because the filing of a Chapter 7 petition places all of the debtor's nonexempt property subject to sale to satisfy the debts of the bankruptcy estate.); *Buroker v. Raybourn,* 61 B.R. 10 (S.D.Ohio 1986) (same); *In re Stiger* 56 B.R. 81,

"Interpretation of a statute must begin with the statute's plain language." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. ——, ——, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). Section 2329.66(A)(1) states that the exemption is effective only when there is an "execution, garnishment, attachment or sale to satisfy a judgment." "The explicit language of [the statute] makes clear that absent an attachment or other involuntary disposition of the debtor's property, the debtor's exemption is not impaired." *In re Peck*, 55 B.R. at 755; *see also In re Wolf*, 58 B.R. 354, 356 (Bankr.N.D.Ohio 1986). In contrast, the federal exemption permits a debtor to be free from a judicial lien against his equity or ownership in a residence whenever the $7,500 maximum property interest is impaired, regardless of whether there is a pending involuntary disposition of the residence. *See* 11 U.S.C. § 522(d)(1).[4] Accordingly, in the instant appeal, Ohio, by opting out of the federal exemption, has limited the circumstances in which its homestead exemption is impaired, and as a result, a debtor is permitted to avoid a judicial lien pursuant to Section 522(f) only when the property affected by the exemption is subject to an "execution, garnishment, attachment, or sale to satisfy a judgment or order."

The Dixons have alternatively argued that the term "interest," in Ohio Rev.Code § 2329.66(C),[5] which existing legal precedents have defined as the debtor's ownership equity in his purported assets, *see In*

*re Riddell (Riddell v. Universal)*, 96 B.R. 816, 818 (Bankr.S.D.Ohio 1989); *In re Whitlow*, 74 B.R. 412, 413 (Bankr.N.D.Ohio 1987); *In re Lewis*, 38 B.R. 113, 120 (Bankr.S.D.Ohio 1984), is synonymous with the term "exemption" when read within the context of Ohio Rev.Code § 2329.66(A)(1), and consequently attaches contemporaneously with the initial filing of the bankruptcy petition. Reading Section 2329.66(A)(1) and (C) together does not support the Dixons' position. Ohio law specifically mandates that the Ohio homestead exemption is effective only upon an "execution, garnishment, attachment or sale to satisfy a judgment order." *See Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986).

In sum, the bankruptcy and district court erred by avoiding Ford's judicial lien, because the Dixons' residence was not subject to a judicial sale or other form of involuntary execution. Accordingly, for the reasons set forth herein the judgment of the district court is hereby REVERSED.

---

84 (Bankr.N.D.Ohio 1986) (The policies of the Bankruptcy Act override the explicit language of the Ohio homestead exemption); *In re Morelock (Morelock v. All–Phase Electric Supply Co.)*, 47 B.R. 533 (Bankr.N.D.Ohio 1985) (same).

**4.** 11 U.S.C. § 522(d)(1) provides, in pertinent part:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence ...

**5.** Ohio Rev.Code § 2329.66(C) provides:

(C) For purposes of this section, "interest" shall be determined:

(1) In bankruptcy proceedings, as of the date a petition is filed with the bankruptcy court commencing a case under Title 11 of the United States Code;

(2) In all cases other than bankruptcy proceedings, as of the date of an appraisal, if necessary under section 2329.68 of the Revised Code, or the issuance of a writ execution.

An interest, as determined under division (C)(1) or (2) of this section, shall not include the amount of any lien otherwise valid pursuant to section 2329.661 [2329.66.1] of the Revised Code.