**In re Delbert Roy SMITH, III, Debtor.**

Bankruptcy Nos. 2–89–05492,
284–54–6279.

United States Bankruptcy Court,
S.D. Ohio, E.D.

May 1, 1990.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Pamela N. Maggied, Columbus, Ohio, for debtor.

Milton A. Puckett, Columbus, Ohio, for Ford Consumer Credit.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

OPINION AND ORDER ON OBJECTION TO CONFIRMATION OF MODIFIED CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of a Chapter 13

plan proposed by Delbert Roy Smith, III ("Debtor"). Ford Consumer Credit Co. ("Ford") objected to confirmation and the matter was heard by Judge Cole of this Court. Following that hearing this Court received the matter under advisement, read the hearing transcript, and reviewed all relevant pleadings.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

The Debtor filed a petition and plan under Chapter 13 of the Bankruptcy Code on October 2, 1989. As presently proposed the plan calls for payments to the Chapter 13 trustee of $200.00 each month and a lump sum payment of at least $5,000.00 each year from commissions the Debtor expects to earn from a second job. The plan further proposes payment in full of all allowed secured and priority unsecured claims and a 10% dividend to allowed general unsecured claims.

The Debtor's schedules listed Ford as the holder of a consensual third mortgage against the Debtor's residential real property (the "Property"). More accurately, however, Ford holds a judgment against the Debtor in the amount of $5,148.36. That judgment was certified and filed of record on June 3, 1987, thereby creating a judicial lien against the Property.

There are two consensual mortgages against the Property which are prior to Ford's lien. The first mortgage in favor of State Savings Bank has an unpaid balance of $2,352.58. A note to Household Realty Corporation secured by a second mortgage is estimated by the Debtor to have an outstanding balance of $4,500.00. Unpaid real property taxes in the amount of $304.00 are a statutory lien also prior to Ford's lien. There are several judgment liens junior to Ford's interest.

It is the Debtor's intention to pay Ford the full amount of its allowed secured claim with a discount factor, as required by 11 U.S.C. § 1325(a)(5)(B). The proper amount of that allowed secured claim is the subject of this dispute.

The Debtor submitted an appraisal which indicates a market value for the Property of $16,000.00. After subtraction from that value for the two mortgages, the tax lien and an estimated 10% for hypothetical costs of sale, $7,243.42 remains as the estate's interest. See *In re Neal*, 10 B.R. 535 (Bankr.S.D.Ohio 1981). The Debtor maintains that Ford is entitled to an allowed secured claim only after the estate's interest in the Property has been reduced further by his $5,000.00 homestead exemption, asserted pursuant to 11 U.S.C. § 522(b)(2) and Ohio Revised Code § 2329.66(A)(1). In support of his position, the Debtor relies on the provisions of 11 U.S.C. § 506(a) and the holding of *In re Smith*, 92 B.R. 287 (Bankr. S.D.Ohio 1988). The Debtor further declares that he is not attempting to avoid Ford's lien interest under 11 U.S.C. § 522(f)(1), but merely wishes to value Ford's claim for purposes of repayment through the Chapter 13 plan.

Ford, however, relies upon the recently decided case of *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327 (6th Cir.1989), as corrected, *reh'g. denied*, 1989 WL 106653, 1989 U.S. App. LEXIS 17065. Ford asserts that *Dixon* deprives a Chapter 13 debtor in Ohio from claiming a homestead exemption prior to the interest of a judgment lien creditor unless the real property for which the exemption is sought has been subjected to actual foreclosure, garnishment or execution process. No such actions are pending against the Property. Therefore, Ford believes that its allowed secured claim is determined by a comparison of the amount of its claim and the value remaining in the Property after reduction of the estate's interest only for prior liens, real property tax liens and hypothetical costs of sale.

If the Debtor is correct, the amount of Ford's allowed secured claim would be $2,243.42. If Ford is correct, its claim of $5,148.36 will be fully secured.

Section 506(a) of Title 11, United States Code controls the allowance of Ford's secured claim. That provision indicates that

an allowed secured claim is determined by the value of the creditor's interest in the estate's interest in property against which the creditor has a lien. In turn, the estate's interest is limited by the value of the debtor's interest in the property. Section 506(a) does not create substantive rights of avoidance, however. Further, exemptions are generally available to a debtor only against unliened value or equity. Unless the Debtor has a right to avoid the effect of Ford's lien under some other provision of the Bankruptcy Code, his claim of exemption will be junior to Ford's lien interest to the extent Ford's lien interest is otherwise valid under state law.

■ By reversing the Bankruptcy Court in *Dixon*, the Court of Appeals for the Sixth Circuit reversed the opinion cited in *Smith*, the case upon which the Debtor relies. In *Dixon*, the Court of Appeals made it clear that the effect of a judicial lien may be avoided by an Ohio debtor only if the debtor's right to an exemption is impaired by that lien. And under Ohio law, absent "an attachment or other involuntary disposition of the property, the debtor's exemption is not impaired." *Dixon*, 885 F.2d at 330, quoting *Nat'l Deposit Guarantee Corp. v. Peck (In re Peck)*, 55 B.R. 752, 755 (N.D.Ohio 1985). The reason for this nonimpairment, according to the *Dixon* court, is that the exemption cannot be impaired if it cannot be asserted. Absent involuntary disposition of the Property, no right arises to assert a homestead exemption against the interest of the holder of a judicial lien. *Dixon* at 330.

This Court does not believe Ohio intended to limit a debtor's right to claim an exemption in a manner which is not limited by the federal exemption scheme set forth in 11 U.S.C. § 522(d). Rather, Ohio intended by its opt-out legislation to control the amount and type of property which could be exempted from the reach of a debtor's creditors. It also can be argued that the filing of a bankruptcy case, including a petition under Chapter 13, acts as a law suit in which one's creditors must set up their interests in all non-exempt property of the debtor in the same manner as would

occur in the involuntary alienation of such property specified by the Ohio exemption statute.

Whatever arguments could be made in this regard, however, the Court of Appeals for this Circuit in *Dixon* has determined that the mere filing of a Chapter 13 petition does not effect an execution process which permits a debtor to assert a homestead exemption against the interests of a judgment lien creditor. This Court is bound by the *Dixon* holding and must rule accordingly. If the Ohio legislature did not intend that result, it will have to clarify its statutory provisions accordingly. Because the exemption is not assertable against Ford's judicial lien, that lien and Ford's secured claim attach to whatever value remains in the Property after reduction for sale costs, prior mortgages and prior tax liens, up to the amount of Ford's allowed claim.

Based upon the foregoing, Ford's objection to confirmation is sustained and confirmation of the Debtor's proposed plan must be, and the same is hereby denied. The Debtor's claim of exemption may not be used to avoid the effect of Ford's judgment lien in determining the amount of Ford's allowed secured claim. The Debtor is given twenty (20) days from the entry of this order to amend his plan or take whatever action is appropriate under the circumstances.

IT IS SO ORDERED.