In the Matter of Michael L. BROWN, Penny G. Brown, Debtors.

**Bankruptcy No. 1–90–02959.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 21, 1990.

Bruce Gilster, Cincinnati, Ohio, for plaintiff.

Richard Koehler, II, Hamilton, Ohio, for defendant.

## ORDER

J. VINCENT AUG, Jr., Bankruptcy Judge.

This case is before the Court on Debtors' Motion to Set Aside Judicial Lien. (Doc. 7) The pleadings include: The Provident Bank's Memorandum in Opposition to Motion to Set Aside Judicial Lien (Doc. 6); Supplemental Memorandum of Creditor in Opposition to Motion to Set Aside Judicial Lien (Doc. 11); Creditor Provident Bank's Submission of Evidence of Value and Request for Dismissal of Debtor's Motion to Set Aside Judicial Lien (Doc. 13); and Debtor's Memorandum in Support of Motion to Set Aside Judicial Lien (Doc. 15). A hearing was held on August 14, 1990.

The issue for determination is whether section 2329.66 of the Ohio Revised Code Ann., the Ohio Homestead Exemption, allows a judicial lien to be avoided. The parties have further narrowed the issue to what event constitutes the commencement of a sale. The recent Sixth Circuit case of *Ford Motor Credit Corp. v. Dixon,* 885 F.2d 327 (6th Cir.1989), "specifically mandates that the Ohio homestead exemption is effective only upon a 'execution, garnishment, attachment or *sale to satisfy a judgment order.'*" (Emphasis added, quoting from Ohio Rev.Code Ann. section 2329.662 (1986)).

Debtors are owners of real estate located at 24 Lawson Avenue, Hamilton, Ohio 45013. The property is subject to a first mortgage held by Waterfield Mortgage Company, successor in interest to Community Federal Savings & Loan, a/k/a Union Federal Savings Bank of Fort Wayne, Indiana. The outstanding balance on the first mortgage is $26,172.57.

The Provident Bank of Cincinnati, Ohio, was awarded a judgment for deficiency on an automobile loan promissory note against Michael L. Brown in Hamilton Municipal Court of Butler County, Case No. 89–CVF–00903, $4,536.59. This judgment became a lien upon the real estate located on Lawson Avenue on September 27, 1989.

Thereafter, Provident Bank brought a suit in foreclosure. On June 7, 1990, Creditor's Motion for Summary Judgment was granted in a Judgment Entry and Foreclosure Decree. An order of sale was to issue upon the property if the Debtors did not exercise their equity of redemption rights as set forth in the Foreclosure Decree. On June 11, 1990 the Debtors filed a petition for relief under Chapter 7 bankruptcy and no further action was taken pursuant to 11 U.S.C. section 362(a).

11 U.S.C. section 522(f) provides that, "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; ...." Ohio has "opted out" of the federal exemptions entirely. *See* Ohio Rev.Code Ann. section 2329.66; 11 U.S.C. section 522(b). Accordingly, an Ohio debtor may avoid liens only on the property which the state has declared subject to exemption. *Dixon,* at 329.

Ohio Rev.Code Ann. section 2329.66 sets forth the authorized exemptions which may be asserted by debtors. A homestead exemption exists under Ohio Rev.Code Ann. section 2329.66(A)(1) which allows,

> Every person who is domiciled in this case may hold property *exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:*
> (1) the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependant of the person uses as a residence. (Emphasis added).

While there has been conflict over the interpretation of the statute in the past, the Sixth Circuit stated in *Dixon* that, "[i]nterpretation of a statute must begin with the plain language." *Id.* at 330 (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). "The explicit language of [the statute] makes clear that absent an attachment or other involuntary disposition of the debtor's property, the debtor's exemption is not impaired." *Dixon*, 885 F.2d at 330 (citing *In re Peck*, 55 B.R. 752, 755 (N.D.Ohio 1985)).

■ Based on the pleadings and the Court's own research, no authority could be found that equates an actual sale proceeding with the possibility of a future sale. An order of sale was about to issue in this case if the Debtors did not exercise their equity of redemption right. The existence of a lien is merely the possibility that a sale may ensue at some future time. A "lien's existence is not predicated upon its execution, and a stay of the execution will not postpone the lien's creation, nor destroy one already in existence." *Tyler Refrigeration Equipment v. Stonick*, 3 Ohio App.3d 167, 169, 444 N.E.2d 43 (1981). Therefore, absent a judicial sale or other form of involuntary execution the judicial lien on the debtors' residence cannot be avoided.

The court recognizes that the *Dixon* opinion came on the legal scene as a complete surprise to the average practitioner. The intent of the Ohio State Legislature to grant a homestead exemption has now been rendered a nullity in many instances. In the name of respecting the language of the statute, the *Dixon* case has completely reversed a common and widespread acceptance of what the legislative intent of this statute was. In light of the clarity of the *Dixon* opinion, this Court is compelled to find for the creditor here.

Accordingly, Debtors' Motion to Set Aside Judicial Lien is

DENIED.

IT IS SO ORDERED.