**In re James J. ALLAMON, Jr., Debtor.**

**James J. ALLAMON, Jr., Plaintiff,**

v.

**Helen NICHOLS and State Farm Insurance, Defendants.**

**Bankruptcy No. 3–89–00852.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 5, 1990.

Jeffrey P. Albert, Dayton, Ohio, for debtor.

John A. Smalley, Dayton, Ohio, for defendants.

John P. Rieser, Dayton, Ohio, Trustee.

## DECISION ON ORDER DENYING PLAINTIFF'S MOTIONS TO AVOID LIENS

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which involves the debtor's motions to avoid two judicial liens, arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, and is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of exemptions from property of the estate, and (K)—determinations of the validity, extent, or priority of liens.

The debtor, James J. Allamon Jr., filed for relief under chapter 7 of the Bankruptcy Code on March 7, 1989 (Doc. 1). On October 4, 1989, the debtor received a discharge and the case was subsequently closed. The debtor filed an amended motion to reopen his chapter 7 case (Doc. 16) in order to add Helen Nichols and State Farm Insurance as creditors. On June 8, 1990, an order granting the debtor's motion to reopen was entered (Doc. 17). The debtor then filed motions (Doc. 20 and Doc. 21) to avoid the judicial liens of these two creditors. The motions allege that these liens impair an exemption to which the debtor is entitled, and, therefore, pursuant to 11 U.S.C. § 522(f), these liens may be avoided.

The court issued an order (Doc. 22) which noted that *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327 (6th Cir.1989) appeared to prohibit the relief requested; however, the debtor was granted the opportunity to file a memorandum which would establish a basis to grant the relief requested. The debtor filed a Memorandum In Support Of Motion To Avoid Judicial Lien (Doc. 23) and the defendant filed a Reply To Debtor's Motion To Avoid Judicial Lien (Doc. 24).

In his memorandum (Doc. 23), the debtor argues that application of *Dixon* to the present case would give *Dixon* retroactive effect. The debtor asserts that had he scheduled these creditors at the time he filed the original chapter 7 petition, these liens could have been avoided. The memorandum states that the judgment lien of another creditor had been avoided during the initial bankruptcy case.[1] In reply, the defendant argues that *Dixon* is currently applicable and must be applied to the present case regardless of whether previous authority would have yielded a contrary result (Doc. 24).

It is generally held that cases must be decided "in accordance with the law existing at the time of decision." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); *accord Lund v. Shearson/Lehman/American Express, Inc.*, 852 F.2d 182, 183 (6th Cir.1988); *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 254 (6th Cir.1983), *cert. denied sub nom.*

1. The court acknowleges that the order of lien avoidance referred to by the debtor was entered on May 16, 1989, which was prior to September 19, 1989, the date *Dixon* was decided. The court also notes that the only opposition to the debtor's motion was withdrawn (Doc. 9).

*Leach v. U.S. Postal Service*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). Case law has established criteria to be examined in determining exceptions to this generally applicable rule. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), the Court noted three factors which must be considered in determining whether to refrain from retroactively applying a decision.

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." (citations omitted).

*Chevron Oil*, 404 U.S. at 107, 92 S.Ct. at 355; *Accord Carter v. City of Chattanooga, Tennessee*, 850 F.2d 1119 (6th Cir.1988), *cert. denied*, 488 U.S. 1010, 109 S.Ct. 795, 102 L.Ed.2d 786 (1989).

The first factor listed in *Chevron Oil* has been referred to as the "clear break" principle. The "clear break" principle is the "threshold test for determining whether or not a decision should be applied nonretroactively." *U.S. v. Johnson*, 457 U.S. 537, 550 n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1982).

Such a break has been recognized only when a decision explicitly overrules a past precedent of this Court, or disapproves a practice this Court arguably has sanctioned in prior cases, or overturns a

longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. (citations omitted).

*Johnson*, 457 U.S. at 551, 102 S.Ct at 2588.

The decision in *Dixon* did not explicitly overrule a past precedent of the Sixth Circuit, or disapprove a practice that the Sixth Circuit arguably had sanctioned in prior cases, or overturn a longstanding and widespread practice to which the Sixth Circuit had not spoken, but which a near-unanimous body of lower court authority had expressly approved.

Although *Dixon* was a case of first impression for the Sixth Circuit, the decision simply resolved a conflict concerning the interpretation of Ohio law which existed among the bankruptcy and district courts within the circuit. *Dixon* at 329 n. 3.[2] *Dixon* does not come within the "narrow class of decisions whose nonretroactivity is effectively preordained because they unmistakably signal 'a clear break with the past'." *Johnson*, 457 U.S. at 553–554, 102 S.Ct. at 2589 (quoting *Desist v. United States*, 394 U.S. 244, 248, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248 (1969)).

Further, in light of the Sixth Circuit's explicit determination in *Dixon* of the meaning of O.R.C. § 2329.66(A)(1), and upon review of the second and third factors enunciated in *Chevron Oil*, the court concludes that the debtor failed to demonstrate that there will be an inequitable result arising from the application of *Dixon* to this proceeding.

Having determined that *Dixon* is applicable, the court notes that the debtor's motions fail to allege that the lien holder has initiated any proceedings to enforce the lien. As this court has previously stated in *Matter of Herrera*, No. 3–90–01890 (Bankr. S.D.Ohio Oct. 19, 1990):

In reaching its decision, the court considered applicable Ohio law governing

---

**2.** Although the split of authority with regard to this issue existed only in the reported decisions of the Northern and not the Southern District of Ohio, considered in their totality, these decisions cannot be accurately characterized as "a near unanimous body of lower court authority" expressly approving a long standing and widespread practice of lien avoidance.

this issue as that Ohio law has been interpreted by the Sixth Circuit in *In re Dixon,* 885 F.2d 327 (6th Cir.1989). Although this court is cognizant of the liberal construction Ohio affords its exemption statutes,[2] in approaching issues of statutory construction this court is compelled to honor the cardinal rule that such an analysis must begin with the language of the statute itself. Noticeably absent from the Ohio Exemption Statute in issue (ORC 2329.66) are the words "foreclosure judgment" and noticeably present in the Ohio Exemption Statute in issue are the words "sale to satisfy a judgment". Counsel for the debtor's position that the existence of a foreclosure *judgment* is sufficient to trigger the availability of the Ohio exemption for the debtor is not supported by the language of the statute. To the contrary, Bank One's position that a proposed *sale to satisfy a judgment or order* must be pending is supported by the language of the statute.

2. *Matter of Young,* 93 B.R. 590 (Bankr.S.D. Ohio 1988).

Further insight into the meaning of the text of O.R.C. § 2329.66(A)(1) was given in *Matter of Brown,* 123 B.R. 260 (Bankr. S.D.Ohio 1990), a decision by the Honorable J. Vincent Aug, Jr. In *Brown,* Judge Aug stated:

Ohio Rev.Code Ann. section 2329.66 sets forth the authorized exemptions which may be asserted by debtors. A homestead exemption exists under Ohio Rev. Code Ann. section 2329.66(A)(1) which allows,

Every person who is domiciled in this case may hold property *exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:*

(1) the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependant [sic] of the person uses as a residence. (Emphasis added).

While there has been conflict over the interpretation of the statute in the past,

the Sixth Circuit stated in *Dixon* that, "[i]nterpretation of a statute must begin with the plain language." *Id.* at 330 (citing *United States v. Ron Pair Enterprises, Inc.* [489 U.S. 235], 109 S.Ct. 1026, 1030 [103 L.Ed.2d 290] (1989); *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685 [105 S.Ct. 2297, 2301, 85 L.Ed.2d 692] (1985)). "The explicit language of [the statute] makes clear that absent an attachment or other involuntary disposition of the debtor's property the debtor's exemption is not impaired." *Dixon,* 885 F.2d at 330 (citing *In Re Peck,* 55 B.R. 752, 755 (N.D.Ohio 1985)). Based on the pleadings and the Court's own research, no authority could be found that equates an actual sale proceeding with the possibility of a future sale. An order of sale was about to issue in this case if the Debtors did not exercise their equity of redemption right. The existence of a lien is merely the possibility that a sale may ensue at some future time. A "lien's existence is not predicated upon its execution, and a stay of the execution will not postpone the lien's creation, nor destroy one already in existence." *Tyler Refrigeration Equipment v. Stonick,* 3 Ohio App.3d 167, 169, [444 N.E.2d 43] (1981). Therefore, absent a judicial sale or other form of involuntary execution the judicial lien on the debtors' residence cannot be avoided.

Because the debtor's property is not presently subject to a pending "execution, garnishment, attachment or sale to satisfy a judgment or order" as required by O.R.C. § 2329.66(A)(1), the judicial liens against the debtor's property are not avoidable.

Accordingly, the debtor's motions to avoid the judicial liens (Doc. 20 and Doc. 21) are DENIED.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.