**In re Janet E. CARDWELL, Debtor.**

**Bankruptcy No. 3–90–05307.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 14, 1991.

Christopher M. Hawk, Dayton, Ohio, for debtor.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio.

Paul Gilbert, Trustee, Dayton, Ohio.

## DECISION AND ORDER DENYING DEBTOR'S MOTION TO AVOID LIENS

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motions of the debtor to avoid the liens of Good Samaritan Hospital and Dr. David D. Goldberg and Associates. This court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the standing order of reference entered in this district. This matter is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of exemptions and (K)—determinations of the validity, extent, or priority of liens.

The debtor filed for chapter 7 bankruptcy relief on November 30, 1990. Shortly thereafter the debtor filed two motions to avoid the liens of creditors, Good Samaritan Hospital and Dr. David D. Goldberg and Associates. Neither of the creditors responded to the motions. However, because of the governing case law in this circuit stated in *Ford Motor Credit Corp. v. Dixon*, 885 F.2d 327 (6th Cir.1989), the court entered an order requiring the debtor to file a memorandum to establish the basis to grant the avoidance of such lien in light of the *Dixon* case which appears to prohibit avoidance of a judgment lien.

The debtor filed a memorandum in support of her contention that under the *Dixon* case avoidance of the lien is viable. The debtor states that the bankruptcy was filed in an attempt to stop a foreclosure action and to discharge debt burdens after a foreclosure action was filed in October of 1990. In February, 1991 this court granted R.F. Norman Corporation relief from the automatic stay to "proceed to foreclose its mortgage lien upon the real property known as 1926 Larkwood Drive, Dayton, Ohio." Debtor asserts that the property is subject to execution since the stay has been removed to permit execution of the mort-

gage lien. Debtor's counsel argues that the *Dixon* case appears to allow the avoidance of a lien after a foreclosure suit has been filed.

■ The argument of debtor's counsel is reasonable were it not for the strict interpretation by the Sixth Circuit in *Dixon* of the Ohio exemption statute, Section 2329.-66(A)(1) Ohio Revised Code. The statute provides as follows:

Every person who is domiciled in this state may hold property *exempt from execution, garnishment, attachment or sale to satisfy a judgment or order,* as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence; (emphasis added)

■ The Sixth Circuit in the *Dixon* case held that Ohio law specifically mandates that the Ohio homestead exemption is effective only upon "an execution, garnishment, attachment or sale to satisfy a judgment order." 885 F.2d at 330. The *Dixon* court interpreted the statute beginning with its "plain language" citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The *Dixon* court noted that Ohio, having opted out of the federal exemption, limited the circumstances in which its homestead exemption is impaired to the circumstances recited in the Ohio exemption statute. The exemption is impaired when the property affected by the exemption is subject to an "execution, garnishment, attachment, or sale to satisfy a judgment or order."

Unquestionably the debtor's exemption after the filing of a foreclosure case against residential property is nearing the time when a clear impairment will occur. In *Matter of Brown*, 123 B.R. 260 (Bankr. S.D.Ohio 1990), Judge J. Vincent Aug on similar facts found, after the court's research, that:

[N]o authority could be found that equates an actual sale proceeding with the possibility of a future sale. An order of sale was about to issue in this case if

the debtors did not exercise their equity of redemption right. The existence of a lien is merely the possibility that a sale may ensue at some future time. A "lien's existence is not predicated upon its execution, and a stay of the execution will not postpone the lien's creation, nor destroy one already in existence." *Tyler Refrigeration Equipment v. Stonick*, 3 Ohio App.3d 167, 169, 444 N.E.2d 43 (1981). Therefore, absent a judicial sale or other form of involuntary execution the judicial lien on the debtors' residence cannot be avoided. *Id.* at 262.

Further support for the strict reading of the Ohio statute and the time when the Ohio homestead exemption is effective is contained in the case of *In re Allamon*, 122 B.R. 68 (Bankr.S.D.Ohio 1990). In that case the court cited and approved the principle stated in the *Brown* case that the property must be under the threat of judicial sale or other form of involuntary execution before the judicial lien can be avoided.

 To answer the question of when the precise moment occurs when the residence may be held exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, a court must consider the praecipe for issuance of the order of sale, the order of sale, or the sale. It is impractical and impossible to avoid a lien at the moment of the sale. At the time the order for sale is entered there may be sufficient time to move in a bankruptcy court for the lien avoidance, but only expeditious treatment will assure that the court will act in time. Therefore, the first alternative, the time of the filing of praecipe for issuance of the order for sale is the logical moment for the debtor to claim the exemption and move for avoidance of the lien. At that moment the property is subject to a sale to satisfy a judgment and there is sufficient time for a conscientious and promptly acting debtor to accomplish the purpose of avoiding the lien.

The facts related in the debtor's motion and memorandum do not state the present status of the foreclosure action. So soon as the debtor advises the court that a prae-cipe for sale has been entered, this court will expeditiously render a decision commensurate with the procedure stated herein to avoid the judicial liens.

Therefore, the motion will remain pending in anticipation of a later affidavit regarding the filing of a *praecipe* for issuance of an order of sale in the state court foreclosure action.

IT IS SO ORDERED.