30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMERITRUST COMPANY, N.A. Plaintiff-Appellant,
v.
Robert Coley CALLOWAY, Jr. Defendant-Appellee.
 No. 93-3025.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1994.
 
 Before: MILBURN, and BATCHELDER, Circuit Judges; and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Creditor-Appellant appeals the avoidance of its judicial lien on residential real estate of debtor-appellee. The bankruptcy court granted the debtor's motion for avoidance of the judicial lien on the grounds that the lien impaired the homestead exemption to which the debtor was entitled, and the district court affirmed the bankruptcy court's decision. For the following reasons, we reverse and remand.
 
 
 2
 * Appellant, Ameritrust Company, N.A., obtained a judgment against the debtor, Robert Calloway, Jr., on March 28, 1991. A certificate of judgment was filed on April 29, 1991, encumbering debtor's residential real estate. Debtor filed his Chapter 13 bankruptcy case on January 28, 1992, claiming a homestead exemption in his residential real estate pursuant to Ohio Rev.Code Ann. Sec. 2329.66(A)(1). On March 16, 1992, the debtor filed a motion to avoid the judicial lien of Ameritrust pursuant to 11 U.S.C. Sec. 522(f)(1). The bankruptcy court granted the debtor's motion on August 14, 1992. On December 14, 1992, the district court affirmed the bankruptcy court's decision.
 
 
 3
 Both parties agree that the facts are not in dispute. The debtor's residence has a fair market value of $14,000. The real estate is encumbered by a first mortgage owed to Beneficial Mortgage Company in the amount of $10,273.43. Ameritrust has a second lien by virtue of a judgment lien with a balance due and owing on the judgment in the amount of $5,913.26. The debtor claims a homestead exemption of $5,000 in his residential real estate pursuant to Ohio Rev.Code Ann. Sec. 2329.66(A)(1). The bankruptcy court granted debtor's motion to avoid Ameritrust's judgment lien since it impaired debtor's homestead exemption. The district court affirmed and this appeal followed.
 
 A. STANDARD OF REVIEW
 
 4
 In bankruptcy cases, the factual findings of the bankruptcy court are binding upon both the district court and this Court unless they are clearly erroneous. In re Batie, 995 F.2d 85, 88 (6th Cir.1993). On appeal, the district court's conclusions of law are reviewed de novo. Id.
 
 II
 
 5
 A. IMPAIRMENT OF DEBTOR'S HOMESTEAD EXEMPTION
 
 
 6
 Debtor Calloway seeks to avoid Ameritrust's judicial lien on his residential real estate under 11 U.S.C. Sec. 522(f)(1) which provides:
 
 
 7
 (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is--(1) a judicial lien.
 
 
 8
 Under 11 U.S.C. Sec. 522(b)(1) a state may choose to "opt out" of the federal exemption scheme. Ohio has chosen to opt out of the federal exemptions, and thus Ohio residents who file petitions in bankruptcy may only use Ohio law to exempt their property from the bankruptcy estate.[1]
 
 
 9
 Ohio Revised Code Sec. 2329.66(A)(1) provides:
 
 
 10
 (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment order, as follows: (1) the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or dependent of the person uses as a residence.
 
 
 11
 The appellant's primary argument is that the Ohio exemption statute, as interpreted by this Court, prevents the debtor from avoiding its judgment lien.
 
 
 12
 This Court addressed this issue in Ford Motor Credit Corp. v. Dixon (In re Dixon), 885 F.2d 327 (6th Cir.1989), holding that "Ohio, by opting out of the federal exemption, has limited the circumstances in which its homestead exemption is impaired, and as a result, a debtor is permitted to avoid a judicial lien pursuant to Section 522(f) only when the property affected by the exemption is subject to an 'execution, garnishment, attachment, or sale to satisfy a judgment or order.' " Id. at 330. Since there was no judicial sale or execution pending against the debtor's residence, no exemption available to the debtor was impaired, so the creditor's judicial lien could not be avoided by the debtor. Id.
 
 
 13
 In the case at bar, the debtor's property is not subject to "execution, garnishment, attachment or judicial sale." The statute is conditional. The mere existence of a judicial lien is insufficient to create a homestead exemption. The lien, without further action, does not constitute an execution, garnishment or an attachment. In Dixon, this Court held that under Ohio law, the homestead exemption is effective only if the property is subject to a judicial sale or other form of involuntary execution. Dixon, 885 F.2d at 330. The possibility or threat of a sale is insufficient to trigger the exemption. Accordingly, there is no impairment of an exemption under the current law of this Circuit.
 
 B. VALIDITY OF DIXON
 
 14
 Appellant argues that Dixon remains as the controlling precedent in issues regarding the avoidance of judgment liens in Ohio. Appellee argues, and the district court held, that the recent Supreme Court decisions, most notably in Owen v. Owen, 500 U.S. 305 (1991), but also in Farrey v. Sanderfoot, 500 U.S. 291 (1991) and Taylor v. Freeland & Kronz, 112 S.Ct. 1644 (1992), when read together, overrule this Court's holding in Dixon, 885 F.2d 327 (6th Cir.1989).
 
 
 15
 In affirming the bankruptcy court's finding that Dixon was no longer controlling law, the district court found that the "reasoning process by which the Supreme Court reached its decisions in Owen, Farrey, and Taylor ... makes it difficult to believe that the Supreme Court would affirm Dixon if it were submitted to it today." However, the district court's conclusion is not consistent with the law of this Court.
 
 
 16
 This Court recently reaffirmed the validity of Dixon in light of the Supreme Court decision in Owen. Moreland v. Resolution Trust Corp., (In Re Moreland), 21 F.3d 102 (6th Cir.1994). In response to an argument similar to that raised by appellee in this case, this Court flatly stated "[w]hile acknowledging the Dixon decision, [appellee] contends that the Supreme Court decision in Owen effectively overrules Dixon. [Appellee] is wrong" Id. at 105. This Court is properly bound by its holding in Dixon. Speculation regarding a future Supreme Court holding is not sufficient to overrule an existing Sixth Circuit precedent.
 
 
 17
 We find that the decisions of both the bankruptcy court and the district court arise from a misapplication of the law of this Circuit. Accordingly, the decision of the lower court should be reversed and remanded.
 
 III
 
 18
 For the foregoing reasons, we find the bankruptcy court and district court erred as a matter of law and that this case must be REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Ohio Revised Code Sec. 2329.662 provides:
 Pursuant to the "Bankruptcy Reform Act of 1978", 92 Stat. 2549, 11 U.S.C. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in ... 11 U.S.C. 522(d).
 In enacting this code section, the Ohio legislature chose to opt out of the federal exemption scheme. As a result only those exemptions authorized under O.R.C. Sec. 2329.66 may be asserted by debtors.