In re David Jerome SHORTS, Debtor.

Bankruptcy No. 84–00494.

United States Bankruptcy Court, District of Columbia.

March 6, 1985.

---

Paul J. McGarvey, Hyattsville, Md., for debtor.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

The Debtor has filed a "motion for order of return of funds," reciting that Georgetown University Hospital (GUH) garnished his wages at the rate of $25 bi-weekly during the 90 days preceding the date he filed his Chapter 7 bankruptcy petition on October 10, 1984, for a total amount garnished of $325.00, and that he has claimed this amount as exempt. GUH has filed no opposition to the motion. Nevertheless, as explained below, the Court is concerned by what may be a procedural irregularity and also is troubled because of a substantive change in the Bankruptcy Code which took effect on October 8, 1984, two days before the Debtor filed his petition in this case.

Presumably the Debtor's motion was filed pursuant to 11 U.S.C. § 522(h), which permits a debtor to "avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under" 11 U.S.C. § 522(g)(1), if "such transfer is avoidable by the trustee under section ... 547 ..." and "the trustee does not attempt to avoid such transfer." In this case the Trustee has not attempted to avoid the transfer, thus satisfying the requirement of 11 U.S.C. § 522(h)(2). The garnishment was obviously not "voluntary" on the Debtor's part, and the Debtor did not conceal the property but rather revealed the transaction in his schedules and statement of financial affairs. Therefore, the requirements of 11 U.S.C. §§ 522(g)(1)(A) and (B) have also been met. In addition, no objection has been filed to the Debtor's claim of exemption, thus satisfying the requirement of Bankruptcy Rule 4003(b).

However (with certain irrelevant exceptions), Bankruptcy Rule 7001(1) requires a proceeding "to recover money or property" to be an "adversary proceeding." Unlike a "contested matter," which can be dealt with by motion, an adversary proceeding must be commenced by filing and service of a summons and complaint. *Compare* Bankruptcy Rules 7003, 7004, and 9014. In this case, therefore, the Debtor's use of the motion procedure rather than the more formal summons and complaint procedure may be open to challenge. It is true that Bankruptcy Rule 4003(d) provides that "[a] proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." Subsection 522(f) permits a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption ... if such lien is—(1) a judicial lien." A wage attachment in the District of Columbia does under local law constitute a judicial lien. D.C.Code § 16-572. Hence, subsection 522(f) may well be of some assistance to the Debtor in this case. However, it seems to this Court that the Debtor must also rely upon subsections 522(g) and (h). Hence, the applicability of Rule 4003(d) appears questionable. Thus, this Court is concerned about the Debtor's use of the motion procedure rather than the summons and complaint procedure.

The other matter which troubles this Court is based on a substantive change which took effect only two days before this Debtor filed his petition. Presumably, the Debtor bases his claim on the trustee's power to avoid pre-bankruptcy preferential transfers under 11 U.S.C. § 547. However, subsection 547(c) now includes an exception "(7) if, in a case filed by an individual

debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $620." In this case, it is obvious that the Debtor is "an individual." It appears probable from examination of the Debtor's schedules that his "debts are primarily consumer debts." It is not at this time entirely clear to this Court whether Congress intended the language "property that constitutes or is affected by such transfer" to include in the case of a wage garnishment all "the gross wages due or to become due to the judgment debtor for the amount specified in the" garnishment, D.C. Code § 16–572, or merely the amounts actually garnished during the 90-day avoidance-power period. If the former, then the "property ... affected" is undoubtedly at least $620. If the latter, then the "property ... affected" is only the $325 which the Debtor seeks. For the reasons stated above, the Court has substantial doubt as to whether the Debtor's claim is barred by new subsection 547(c)(7).

Nevertheless, despite the procedural and substantive concerns described above, it is, in view of the absence of any opposition to the motion,

ORDERED that the Debtor's motion be and it is GRANTED; and it is further

ORDERED that judgment be and it hereby is rendered against Georgetown University Hospital in the amount of $325.00;

PROVIDED that Georgetown University Hospital may move for reconsideration of this Order at any time within ten (10) days after entry of this Order, and enforcement of this Order shall be stayed during that 10 day period.