In re Paul J. FRAGAPANE and Janice E. Fragapane, Debtors.

Paul A. FRAGAPANE and Janice E. Fragapane, Plaintiffs,

v.

Mary Ann RABIN, et al., Defendants.

Bankruptcy No. B89–811.
Adv. No. B89–155.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Nov. 30, 1989.

Steven Davis, Cleveland, Ohio, for plaintiffs.

Mary Ann Rabin, Cleveland, Ohio, trustee.

Henry Epp, Cleveland, Ohio, for defendant, Gus Georgalis.

MEMORANDUM OF OPINION
AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The Plaintiffs, Paul and Janice Fragapane (Debtors), seek to avoid a judgment lien which attached to certain real property owned by them prepetition pursuant to § 522(h) of the Bankruptcy Code.[1] Upon a review of the parties' respective briefs, the following findings and conclusions are hereby made.

The facts are generally undisputed. Prior to the Debtors' filing their petition for relief under Chapter 7, the Defendant, Gus Georgalis (Georgalis) obtained a judgment against the Debtors in an amount of $21,215.00, plus costs and a specified rate of interest. Following the receipt of the judgment, Georgalis caused a judgment lien to be placed upon certain real property owned by the Debtors located in Westlake, Ohio. The lien was perfected within ninety days of the Debtors' filing their bankruptcy peti-

---

1. 11 U.S.C. § 522(h):

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

tion. Once the Debtors' Chapter 7 petition was filed and the case trustee took no action to avoid the lien, this action ensued.

The dispositive issue is whether the Debtors can avoid a prepetition lien where no such action was exercised by the duly appointed trustee. Georgalis contends, *inter alia,* that the Debtors are without authorization to avoid his judgment lien since there exists adequate value in the property to protect their statutory exemption entitlement and pay any liens affecting the property. For the following reasons, it is hereby determined that the position asserted by Georgalis is without merit, and the subject lien may be avoided by the Debtors.

Generally, § 522 of the Bankruptcy Code [11 U.S.C. 522, *et seq.*] addresses the subject of exemptions. Subsection (h) of that section, however, provides an avoidance provision for a debtor to avoid a transfer or recover a setoff in certain instances where the case trustee has not attempted to do so. Once avoidance is successfully pursued under § 522(h), the debtor may exempt the property from the estate to the extent allowed if the prepetition transfer was made involuntarily and the debtor took no action to conceal the property. 11 U.S.C. § 522(g). Further, any avoidance sought by the debtor under provisions of §§ 544, 545, 547 and 548 are subject to any applicable limitations of § 546 of the Bankruptcy Code.

In the present action, the trustee took no action to avoid the lien which attached within ninety days prepetition. The Debtors' action seeks to avoid that transfer under § 547 as a preferential transfer. An examination of the pleadings reveals that the parties have stipulated to the requirements of a § 547 preferential transfer. In fact, Georgalis has asserted that the trustee, "although clearly empowered to do so, chose not to set aside the Georgalis lien as a preference" (Reply to Motion For Judgment, p. 4). Under § 522(h), the Debtors clearly were empowered to seek avoidance of the subject lien under one of several cumulative avoiding statutes. They chose to seek avoidance under § 547(b) which has been achieved by the parties' stipulation. As the legislative history to § 522(g) provides, this section is primarily designed to give the debtor the rights the trustee could have, but has not, pursued. See, S.Rep. No. 95–989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) p. 76; H.R. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 360–363, U.S.Code Cong. & Admin.News 1978, p. 5787.

Under applicable nonbankruptcy law, the debtors are entitled to an exemption of $10,000.00 in the subject real property. This exemption amount was duly claimed by the Debtors. Georgalis' argument that the Debtors are not empowered to avoid the lien since the property has sufficient value to pay the Debtors' exemption amount in addition to any liens is a non-issue. The provisions of § 522(h) are not conditioned upon whether or not an exemption is impaired. Rather, it gives a debtor unfettered authority to avoid a lien under one of the avoiding statutes, subject only to § 546, where the trustee has not attempted to avoid the prepetition transfer. Thusly, it is hereby held that the lien constituted a preferential transfer avoidable under § 547; the Debtors are statutorily empowered to bring this action under § 522(h).

Accordingly, judgment is hereby granted in favor of the Plaintiffs and the subject lien is hereby avoided.

IT IS SO ORDERED.