In re Lawrence Edward **BURSEE,**
**Rosemary Virginia Bursee,**
**Debtors.**

**Bankruptcy No. 90–62703.**

United States Bankruptcy Court,
N.D. Ohio.

Feb. 27, 1992.

Robert G. Rubin, Canton, Ohio, for debtors.

Michael S. Tucker, Weltman, Weinberg & Associates, Cleveland, Ohio, for Huntington Nat. Bank and Ameritrust Co.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Lawrence Edward Bursee and Rosemary Virginia Bursee (collectively, Debtors) have petitioned the court to avoid judgment liens held by Huntington National Bank (HNB), and Ameritrust Company, N.A. (Ameritrust) (collectively, the Banks) on the Debtors' residential real estate and to disallow and deny the Banks' claims in their entirety. The matter was heard January 23, 1992 and taken under advisement.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FACTS

HNB obtained a state court judgment against Lawrence Bursee on May 21, 1987 in the amount of $1,121.81 plus 18.9% interest from day of judgment, and filed the judgment lien with the Recorder of Stark County, Ohio on September 19, 1987. Ameritrust's judgment of $6,716.07, plus 18% interest from date of judgment, was obtained November 22, 1989 and similarly recorded on December 22, 1989. Both liens arose from obligations on unsecured personal loans or credit accounts.

Debtors filed a Chapter 7 bankruptcy on March 29, 1990 and received a discharge July 26, 1990. No action was taken to avoid the Banks' liens in the Chapter 7 bankruptcy. Debtors then filed a Chapter 13 bankruptcy, the present case, on Decem-

ber 28, 1990. The Debtors' personal obligation on the Banks' claims was noted in Schedule 12b of their petition to have been "eliminated by [the earlier Chapter 7 discharge.]" Their Chapter 13 Plan stated their intention to seek avoidance of the Banks' liens and pay nothing under said Plan. The Banks filed proofs of claim as unsecured creditors.

The Debtors' Plan was confirmed without objection, subsequent to which Debtors filed their objections to the Banks' claims. The Banks responded and the Debtors moved for avoidance of the Banks' liens under the authority of 11 U.S.C. § 522(f)(1). The Banks asked that their brief in opposition to the Debtors' objections to their claims be treated as also responsive to the lien avoidance issue. The matter was submitted for the court's consideration following oral argument at which it was conceded that the Debtors possess either nominal equity in their residential real estate, or none at all.

### DISCUSSION

■ Debtors initially contend that the claims were discharged and no longer are of any force or effect. The Banks cite to *Johnson v. Home State Bank,* —— U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) in which the Supreme Court held that a mortgage interest survived the debtor's Chapter 7 discharge and could be included as a claim in a succeeding Chapter 13 filing. The court noted that

a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem.

*Id.* at ——, 111 S.Ct. at 2154, 115 L.Ed.2d at 75. Although *Johnson* concerned itself with a mortgage rather than a judgment lien, it relied on the definition of "claim" embodied in 11 U.S.C. § 101(5), a "right to payment, whether or not such right is reduced to judgment ..." By the same definition, obviously, a judgment lien is a claim. "[A] discharge under the Code extinguishes the debtor's personal liability on his credi-

tor's *claims." Johnson,* —— U.S. at ——, n. 5., 111 S.Ct. at 2154 n. 5, 115 L.Ed.2d at 75 n. 5 (emphasis added). Furthermore, liens pass through bankruptcy undisturbed unless barred by avoidance. *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The Banks' liens therefore survived the Chapter 7 discharge and may be dealt with in the subsequent Chapter 13 case.

■ Debtors next contend that the claims have "no lien value or collateral value" because the value of Debtors' property is at best equal to the amount of the first mortgage lien. In the interim between the objections and hearing, the Supreme Court issued its opinion in *Dewsnup, supra* holding that a lien could not be reduced to only its secured value in a Chapter 13 case. Rather, the creditor has both a secured claim to the extent there is value in the property and an unsecured claim for the deficiency. Under this reasoning, even a wholly unsecured deficiency claim could not be eliminated simply because the value of the collateral was subsumed by a prior mortgage. The Banks' claims, if allowed, must therefore be classified as unsecured.

■ The crux of the Debtors' argument focuses on the avoidability of the liens pursuant to 11 U.S.C. § 522(f)(1):

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien;

Exemptions are determined by reference to 11 U.S.C. § 522(d) or applicable state exemption law, if the state has elected under 11 U.S.C. § 522(b)(1) to exercise its option to make the federal scheme of exemptions inapplicable within its borders. Ohio is such an "opt out" state, according debtors in bankruptcy the exemptions codified at Ohio Rev.Code § 2329.66 (Page 1991). The Ohio homestead exemption provides as follows:

(A) Every person who is domiciled in this state may hold property exempt from

execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

> (1) The person's interest, not to exceed $5,000.00, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence;

Ohio Rev.Code § 2329.66(A)(1) (Page 1991).

The Sixth Circuit has previously held that the homestead exemption attaches only when an "execution, garnishment, attachment, or sale to satisfy a judgment" is pending. *In re Dixon*, 885 F.2d 327 (6th Cir.1989). As no judicial sale was pending in that case, the homestead exemption was unimpaired and could not be used to avoid a judicial lien under 11 U.S.C. § 522(f). Debtors argue that *Dixon* was implicitly overruled by the recent Supreme Court decision in *Owen v. Owen*, 500 U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

In *Owen*, the court addressed a Florida law which provided that liens attaching prior to property becoming a homestead were not affected by the homestead exemption. The court held that the proper test for lien avoidance under § 522(f), under either state or federal exemptions, is to decide whether the debtor could claim an exemption if there were no lien on the property. If the exemption could be claimed, the lien was avoidable. *Owen* has been interpreted by at least two Ohio bankruptcy courts to overrule *In re Spears*, 744 F.2d 1225 (6th Cir.1984), which held that a debtor may only exempt personal property which is not subject to third party liens. *See In re Sullins*, Case No. 3-90-04256, 1991 WL 250702 (Bankr.S.D.Ohio Oct. 10, 1991) (avoiding lien in household goods); *In re Gordon*, Case No. 91-51320, 1991 WL 354854 (Bankr.N.D.Ohio Dec. 20, 1991).

This court reaches a different result when dealing with the homestead exemption. Per *Owen, supra* we look to the status of the exemption if no liens were encumbering the property. As the Sixth Circuit has interpreted it in *Dixon, supra* "Ohio law specifically mandates that the Ohio homestead exemption is effective only upon an 'execution, garnishment, attach-

ment, or sale.'" *Id.* at 330. The Ohio homestead exemption is thus inapplicable *unless* there is a pending involuntary disposition of the property. This court does not read *Owen, supra* to overrule *Dixon* and, accordingly, presumes *Dixon* to be the applicable precedent until the Sixth Circuit or the United States Supreme Court decides otherwise. As there is no pending judicial sale, the homestead exemption may not be asserted, there is no exemption for the judicial lien to impair and consequently, no reason to apply the avoidance provision.

### CONCLUSION

The Debtors' position that the Banks' claims should be disallowed is untenable. The Supreme Court has expressly ruled that "the court must allow the claim if it is enforceable against *either* the debtor *or* his property." *Johnson,* —— U.S. at ——, 111 S.Ct. at 2155, 115 L.Ed.2d at 75. Here, because, as explained above, no exemption is impaired by the Banks' liens and there is thus no basis for avoiding such liens, the Banks hold allowable unsecured claims in the Debtors' Chapter 13 case.

Debtors' objections to the claims will be overruled and their motion to avoid liens will be denied in an order to be issued in accordance herewith.