**In re Larry MORGAN and Carlene Morgan, Debtors.**

**Bankruptcy No. 94–31843.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

March 13, 1995.

Harry B. Zornow, Hamilton, OH, for debtors.

Ramsey, Dismuke & Eggleston, Arlington, TX, for Associates, Attn: Associates AMU Dept.

Ruth Slone–Stiver, Trustee, Dayton, OH.

## DECISION AND ORDER DENYING DEBTORS' MOTIONS (DOC. # 21 AND # 22) TO ALTER OR AMEND JUDGMENT

WILLIAM A. CLARK, Chief Judge.

Before the court are motions of the debtors, Larry Morgan and Carlene Morgan, to alter or amend the court's previous orders of September 20, 1994, and September 22, 1994. Those orders denied the debtors' motions to avoid liens under § 522(f) of the Bankruptcy Code. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

Section 522(f) of the Bankruptcy Code, as it existed when the debtors filed their petition in bankruptcy,[1] granted the following avoidance powers to a debtor:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien; or
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
>
> > (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

---

1. 11 U.S.C. § 522(f) was amended after the debtors filed their petition in bankruptcy by the Bankruptcy Reform Act of 1994, Pub.L. No. 103– 394, and, as amended, is not applicable to the present proceeding.

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f).

Debtors assert that they are entitled to an exemption for a variety of household goods, that the presence of Associates' and City Loan's security agreements impairs the debtors' exemptions, and, therefore, they are entitled to avoid these nonpossessory, nonpurchase-money security interests under § 522(f)(2) of the Bankruptcy Code.

▪ With respect to exemptions, Ohio Revised Code § 2329.66 provides, in part, that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1)(a) In the case of a judgment or order regarding money owed for health care services rendered or health care supplies provided to the person or a dependent of the person, one parcel or item of real or personal property that the person or a dependent of the person uses as a residence. . . .

(1)(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

. . . .

(3) The person's interest, not to exceed two hundred dollars in any particular item, in wearing apparel, beds, and bedding, and the person's interest not to exceed three hundred dollars in each item, in one cooking unit and one refrigerator or other food preservation unit;

. . . .

(4)(b) Subject to division (A)(4)(d) of this section, the person's interest, not to exceed two hundred dollars in any particular item,

in household furnishings, household goods, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held primarily for the personal, family, or household use of the person.

(4)(c) Subject to division (A)(4)(d) of this section, the person's interest in one or more items of jewelry, not to exceed four hundred dollars in one item of jewelry and not to exceed two hundred dollars in every other item of jewelry.

The result in this proceeding is dictated by *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327 (6th Cir.1989). Although *Dixon* concerned the avoidance of a judicial lien, rather than a nonpossessory, nonpurchase-money security interest, its rationale appears to apply with equal force to the avoidance of nonpossessory, nonpurchase-money security interests. In *Dixon*, the court of appeals for this court employed a strict statutory construction of Ohio Rev. Code § 2329.66(A) and found that a homestead exemption under § 2329.66(A)(1) [2] is "effective only when there is an 'execution, garnishment, attachment or sale to satisfy a judgment.'" *Id.*, at 330. Until such time, "'the explicit language of [the statute] makes clear that absent an attachment or other involuntary disposition of the debtor's property, the debtor's exemption is not impaired.'" *Id.* (citations omitted). "[A]s a result, a debtor is permitted to avoid a judicial lien pursuant to Section 522(f) only when the property affected by the exemption is subject to an 'execution, garnishment, attachment, or sale to satisfy a judgment or order.'" *Id.*

▪ As acknowledged by the debtors, the *Dixon* court focused on the literal language of § 2329.66(A). The same words of Ohio Rev.Code § 2329.66(A), *"execution, garnishment, attachment, or sale to satisfy a judgment or order,"* also qualify the availability of other exemptions set forth in § 2329.66(A), e.g., household goods under § 2329.66(A)(4)(b). Because the prefatory

---

**2.** Ohio Rev.Code § 2329.66 has been amended since *Dixon* was decided. As a result, a homestead exemption is governed by § 2329.66(A)(1)(a) or (A)(1)(b), depending on whether a judgment or order involves health care services. The prefatory language of Ohio Rev. Code § 2329.66(A) has not been altered since *Dixon*.

language is the same for both the homestead exemption and the exemption for household goods, this court is of the opinion that it is constrained by *Dixon* to strictly interpret the language of Ohio Rev.Code § 2329.66(A) for both the homestead exemption as well as the exemption for household goods. This court is unable to discern a logical rationale for applying a strict construction of Ohio Rev. Code § 2329.66(A) in the case of a homestead exemption, yet applying a looser interpretation of that same section for purposes of determining a debtor's eligibility for an exemption in household goods. As a result, this court must find under the principles of *Dixon* that in Ohio a nonpossessory, nonpurchase-money security interest may be avoided under § 522(f)(2) of the Bankruptcy Code only when the property affected by the exemption is subject to an execution, garnishment, attachment or sale to satisfy a judgment or order. There is no evidence in the present case that the debtors' household goods were subject to the types of involuntary disposition enumerated in Ohio Rev. Code § 2329.66(A).

Debtors maintain that "this result ... impermissibly limit[s] the avoidance power contained in the Bankruptcy Code" (Doc. # 24, at 3), because "[t]here is no corresponding point in time when a debtor may avoid a creditor's lien in his household goods" (*Id.*). In light of the Supreme Court's case of *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), this argument has merit.

In *Owen* the question before the Supreme Court was whether § 522(f) of the Bankruptcy Code "can operate when the State has defined the exempt property in such a way as specifically to exclude property encumbered by judicial liens." 500 U.S. at 306, 111 S.Ct. at 1834. The Court found that such a definition of exempt property contained a "built-in limitation" on state exemptions which, in light of the equivalency of treatment accorded to federal and state exemptions by § 522(f), was ineffectual in § 522(f) proceedings.[3]

The Sixth Circuit has determined, however, at least in the case of judicial liens, that Ohio Rev.Code § 2329.66 does not impermissibly limit the avoidance power contained in § 522(f) of the Bankruptcy Code.

*Owen* is not dispositive of the situation presented in *Dixon* and in the present case. Operation of the Florida laws involved in *Owen* would have completely denied the debtor his homestead exemption, thereby eliminating any opportunity for avoiding the judgment lien. In contrast, the result in *Dixon* does not deny a debtor the opportunity to claim his homestead exemption and avoid a creditor's judgment lien; instead, *Dixon* defines the time at which such an exemption is available. Under *Dixon,* when a judicial sale is pending, the debtor can properly avail himself of the Ohio homestead exemption and seek to avoid a judicial lien that impairs that exemption....

.  .  .  .

Applying the lien avoidance test enunciated in *Owen* to our interpretation of the Ohio homestead exemption as set out in *Dixon,* it is clear that the RTC's judgment lien on Moreland's homestead property should not have been avoided. But for the RTC's lien, Moreland still would not have been entitled to her claimed homestead exemption as there was no judicial sale or involuntary execution pending. However, this result does not impermissibly limit the avoidance power contained in the Bankruptcy Code because, upon a judicial sale, Moreland's ability to assert her homestead exemption and to seek to avoid the RTC's lien will be unrestricted by our holding in *Dixon.*

*Resolution Trust Corporation v. Moreland (In re Moreland),* 21 F.3d 102, 106–107 (6th Cir.1994).

Should the result for nonpossessory, nonpurchase-money security interests be different from that for judicial liens? Were it not for the Sixth Circuit's continued adherence to a strict reading of Ohio Rev.Code § 2329.66(A), this court would be willing to

---

**3.** "[W]e conclude that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision." 500 U.S. at 313–314, 111 S.Ct. at 1838.

explore the subjects of "built-in limitations," the basic *bankruptcy* policy underlying § 522(f)(2) of the Bankruptcy Code, and how secured creditors in Ohio actually obtain possession of and dispose of a debtor's household goods. In light of *Dixon* and *Moreland*, however, this court believes it must continue to read § 2329.66(A) as interpreted by the Sixth Circuit. Although the rationale of *Dixon* may be flawed in relation to the avoidance of nonpossessory, nonpurchase-money security interests, it is not the province of this court to predict whether the Sixth Circuit will adhere to its reasoning in *Dixon*.

> [D]istrict courts in a circuit owe obedience to a decision of the court of appeals in that circuit and must follow it until the court of appeals sees fit to overrule it. *First of America Bank v. Gaylor (In re Gaylor)*, 123 B.R. 236, 241 (Bankr.E.D.Mich.1991) (citing 1B Moore's Federal Practice para. 0.402[1]).[4]

For the foregoing reasons, it is hereby ORDERED that debtors' motions to alter or amend judgment are DENIED.

---

**4.** "The 'obedience' principle is tremendously important in the operation of our hierarchical court system, for unless the inferior courts make a good faith effort to follow the decisions of the courts with jurisdiction to review their judgments, appeals would be endless." *In re Gaylor*, 123 B.R. at 241 (citing 1B Moore's Federal Practice para. 0.402[1] at 12 n. 15).