**In re James L. COLSTON, Debtor.**

**Bankruptcy No. 95–34517.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 7, 1997.

John D. Squires, Dayton, OH, for Debtor.

Charles D. Shook, Bieser, Greer & Landis, Dayton, OH, for Creditor National City Bank.

Thomas R. Noland, Dayton, OH, Chapter 7 Trustee.

## DECISION AND ORDER DENYING DEBTOR JAMES L. COLSTON'S MOTION TO AVOID LIEN OF NATIONAL CITY BANK

WILLIAM A. CLARK, Chief Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing General Order of Reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens"). The following Decision and Order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

This matter is before the court on the Debtor's Motion to Avoid Lien of National City Bank [Doc. # 42–1]; National City Bank's Response [Doc. # 45–1]; and the Debtor's Reply [Doc. # 48–1]. A hearing was held on September 23, 1997, at which time the court took the matter under advisement. After considering the parties' pleadings, the evidence and argument presented at the September 23, 1997 hearing, and after an independent examination of the legal is-

sues in question, the court is prepared to render its decision in this matter.

### FINDINGS OF FACT

The Debtor seeks to avoid a judgment lien obtained by creditor National City Bank. In order to understand the issues that arise when considering the Debtor's request, it is necessary to consider the nature of the judgment, and how it became to be an encumbrance against property of the Debtor's estate.

On September 21, 1994, James L. Colston (the "Debtor") and Colston Construction Company ("Colston Construction"), and Ohio Corporation, borrowed the sum of $202,-000.00 from lender National City Bank ("National City"). That transaction is evidenced by a promissory note dated that same day and signed by the Debtor, in his own capacity, and also as president of Colston Construction. As security on the note, the Debtor, the Debtor's wife Jacqueline G. Colston, and Colston Construction executed an open-end mortgage in the amount of the loan on property then owned by the Debtor and Colston Construction. That property, known as lot 14, Magnetic Springs subdivision Bellbrook, Ohio, is located in Greene County, Ohio.

On November 20, 1995, National City filed a complaint for judgment and received judgment by confession on the note against each of the above parties, jointly and severally, in Court of Common Pleas for Montgomery County, Ohio. On November 29, 1995, National City filed the judgment and obtained a judgment lien in Montgomery County. That same day, National City also filed the Montgomery County judgment in Greene County, and filed a complaint for foreclosure on the September 21, 1994 mortgage, also in Greene County, Ohio.

On December 14, 1995, less than 90 days after National City had filed to receive its judgment lien in Montgomery and Green Counties, the Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (1994).

In an order entered February 12, 1996, this court granted National City relief from stay in order to foreclose and sell the lot 14, Magnetic Springs subdivision property through sheriff's sale. On April 2, 1996, National City was granted default judgment by the Court of Common Pleas for Greene County, Ohio in the amount of the unpaid balance of the earlier judgment: $192,230.32 in principal, $16,541.39 in interest through March 7, 1996, and interest from March 7, 1996 at a rate equal to 3 percent in excess of the base commercial rate at National City. On August 2, 1996, the property was sold at sheriff's sale. After payment of fees and other sale expenses, $148,094.34 was credited to National City's judgment by the Greene County court. The remainder of the judgment remains unpaid.

The Debtor now seeks to avoid National City's judgment lien as it applies to the Debtor's residence, lot 25, Magnetic Springs subdivision, Bellbrook, Ohio in Greene County, Ohio, known as 3384 Pavilion Lane. This property is owned by the Debtor and his wife Jacqueline G. Colston, as joint tenants with a right of survivorship. An appraisal of the property dated June 27, 1997, valued the 3384 Pavilion Lane property at $330,000.00. Not counting the liens which the Debtor has already successfully avoided on the property, the 3384 Pavilion Lane property is subject to several preexisting encumbrances, including:

| | |
|---|---|
| real estate taxes | $ 8,000.00 |
| 1st mortgage, Citfed Mortgage | $323,175.00 |
| 2nd mortgage, Rita Florence | $ 30,000.00 |
| 3rd mortgage, Jeffrey Owens | $ 20,000.00 |
| Total | $381,175.00 |

### CONCLUSIONS OF LAW

The Debtor seeks to avoid the National City judgment lien on either of two grounds. First, the Debtor argues that the fixing of the lien impairs his homestead exemption and that he should therefore be permitted to avoid the lien under § 522(f). Second, the Debtor argues that the lien should be avoided as a preferential transfer as the judgment was recorded within 90 days prior to the date of the Debtor's petition. In the second case the Debtor seeks to avoid the lien under § 522(h), which permits the Debtor, in limited circumstances, to act in the trustee's stead. Each of the Debtor's arguments will be addressed in turn.

### IMPAIRMENT OF EXEMPTION

Normally, a proceeding "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)," is required to be brought by way of an adversary proceeding. FED.R.BANKR.P. 7001(2). Rule 4003(d) provides an exception, however, for a debtor seeking to avoid a lien exempt under § 522(f). *See* FED.R.BANKR.P. 4003(d); *see also* 11 U.S.C. § 522(f) (specifically permitting *the debtor* to bring the action). Thus it is clear that the Debtor's impairment of exemption claim pursuant to § 522(f) is excepted from the adversary requirement and properly before the court.

The Debtor argues that he should be entitled to avoid the judgment lien of National City as that lien impairs the Debtor's homestead exemption under § 522(f). In response, National City argues that well-established Sixth Circuit precedent makes the Debtor's homestead exemption unavailable, and thus prohibits the application of § 522(f). In the alternative, National City argues that § 522(f)(2)(C) excludes judgment liens "arising out of a mortgage foreclosure" from the avoidance provisions of § 522(f). In order to evaluate the parties' positions, it is necessary to examine both the statutory framework and prior precedent that exists in this area.

Section 522(f) states, in part, that:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), *the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section* ...

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

11 U.S.C. 522(f) (as amended in 1994) (emphasis added).

Thus in order for a debtor to be permitted to avoid a judicial lien using § 522(f), the debtor must first demonstrate that the lien "impairs an exemption to which the debtor would have been entitled under subsection (b) of this section...." 11 U.S.C. § 522(f)(1). As the Sixth Circuit has made clear, "first, there must be a recognized exemption; and, second, the judicial lien must impair the exemption on." *Resolution Trust Corp. v. Moreland (In re Moreland)*, 21 F.3d 102, 104 (6th Cir.), *cert. denied*, 513 U.S. 956, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994).

In order to determine if a lien alleged to impair the Debtor's homestead exemption may be avoided, it is necessary for the court to determine whether the homestead exemption is available to the debtor. Subsection (b) of the § 522 permits the individual States to "opt out" of the federal exemption scheme provided in § 522(d) and require individual debtors subject to the State's law to use only state-authorized exemptions. 11 U.S.C. § 522(b)(1). Ohio has chosen to "opt-out" of the federal exemption scheme, instead providing its residents with a specific set of exemptions in the state statutes. Ohio Rev. Code § 2329.662. Thus the Debtor may only avoid National City's lien under § 522(f) "to the extent that such lien impairs an exemption to which the debtor would have been entitled" under Ohio's exemption statutes. *Giles v. Credithrift of Am., Inc. (In re Pine)*, 717 F.2d 281, 282 (6th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984).

Ohio's homestead exemption statute is contained in § 2329.66(A)(1), which states that:

(1) Every person who is domiciled in this state may hold property exempt from exe-

cution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

> (a) In the case of a judgment or order regarding money owed for health care services rendered or health care supplies provided to the person or a dependent of the person....
>
> (b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or items of real or personal property that the person or a dependent of the person uses as a residence.

Ohio Rev.Code § 2329.66(A)(1) (as amended in 1992).

In 1989, the Sixth Circuit determined that the phrase "execution, garnishment, attachment, or sale to satisfy a judgment or order" in § 2329.66 limits the application of Ohio's homestead exemption to those cases where the homestead is in immediate danger of involuntary execution. *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327, 329–330 (6th Cir.1989). The basis of the Sixth Circuit's ruling in *Dixon* was the plain meaning of § 2329.66, and that a debtor may only avoid a lien impairing the homestead exemption under § 522(f) if there is a "judicial sale or other form of involuntary execution" pending. *Id.*

In 1991, the Supreme Court heard a similar issue in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In *Owen*, the parties disputed the legitimacy of the Florida constitutional homestead exemption under the opt-out provisions of the Bankruptcy Code. *Id.* at 307, 111 S.Ct. at 1834–35. At that time, under Florida law a debtor was not entitled to avoid liens that had attached to homestead property before the property had attained homestead status. *Id.* The debtor in *Owen* challenged the Florida exemption procedures, arguing that excluding certain types of judicial liens from the exemption procedure would be inconsistent with the intent of § 522(f). *Id.* at 311–312, 111 S.Ct. at 1836–1837. The Supreme Court agreed, stating that:

> Just as it is not inconsistent with the policy of permitting state-defined exemptions to have another policy disfavoring waiver of exemptions, whether federal- or state-cre-

ated; so also it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains.

> On the basis of the analysis we have set forth above with respect to federal exemptions, and in light of the equivalency of treatment accorded to federal and state exemptions by § 522(f), we conclude that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision.

*Id.* at 313–314, 111 S.Ct. at 1838.

At first glance, it appears that *Owen* overruled *Dixon*, and several cases interpreted *Owen* that way, *see, e.g., In re Mershman*, 158 B.R. 698, 702 (Bankr.N.D.Ohio 1993); *In re Boswell*, 148 B.R. 31, 33–34 (Bankr. N.D.Ohio 1992); *In re Moreland*, 142 B.R. 221, 223–29 (Bankr.S.D.Ohio 1992); *In re Gordon*, No. 91–51320, 1991 WL 354854, at *2 (Bankr.N.D.Ohio Dec. 20, 1991) (unpublished disposition); *In re Conyers*, 129 B.R. 470, 473 (Bankr.E.D.Ky.1991), while others maintained that *Dixon* was not affected by *Owen*. *See, e.g., Braverman v. Provident Bank (In re Braverman)*, 150 B.R. 681, 685 (Bankr.S.D.Ohio 1993); *In re Bursee*, 142 B.R. 167, 168–69 (Bankr.N.D.Ohio 1992).

The Sixth Circuit, however, reaffirmed its position in *Dixon* in the appeal from the *Moreland* case above. *Resolution Trust Corp. v. Moreland (In re Moreland)*, 21 F.3d 102, 105 (6th Cir.), *cert. denied*, 513 U.S. 956, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994). In so doing, the Circuit drew a distinction between the Florida exemption scheme in *Owen*, and Ohio Rev.Code § 2329.66(A)(1). As the Circuit in *Moreland* stated:

> *Owen* is not dispositive of the situation presented in *Dixon* and in the present case. Operation of the Florida laws involved in *Owen* would have completely denied the debtor his homestead exemption, thereby eliminating any opportunity for

avoiding the judgment lien. In contrast, the result in *Dixon* does not deny a debtor the opportunity to claim his homestead exemption and avoid a creditor's judgment lien; instead, *Dixon* defines the time at which such an exemption is available. Under *Dixon*, when a judicial sale is pending, the debtor can properly avail himself of the Ohio homestead exemption and seek to avoid a judicial lien that impairs that exemption. *See In re Bursee*, 142 B.R. 167, 169 (Bankr.N.D.Ohio 1992). Whereas the lower court decisions in *Owen* denied the debtor's motion to avoid the lien because the courts read Florida law to deny the existence of a claimable exemption, in *Dixon*, there was no question that the debtor was entitled to a homestead exemption. *Id.* at 106.

As the Sixth Circuit was solidifying its position in *Dixon*, Congress was taking steps to undermine that position with the 1994 Amendments to the Bankruptcy Code. Section 303 of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, added to § 522(f) a new mathematically-based definition of "impairment." In the legislative history accompanying the 1994 Act, Congress specifically referenced *Dixon*, stating that "[b]y focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem." H.R. Rep. 103–834, 103rd Cong., 2nd Sess. 41–42 (Oct. 4, 1994); 140 Cong.Rec. H10770 (Oct. 4, 1994).

Since the enactment of the 1994 Act, several cases have once again taken the position that *Dixon* has been overruled. *See, e.g., Higgins v. Closeout Distributors, Inc. (In re Higgins)*, 159 B.R. 212, 218 (S.D.Ohio 1993); *In re Jakubowski*, 198 B.R. 262, 263 (Bankr. N.D.Ohio 1996); *In re Miller*, 198 B.R. 500, 503–504 (Bankr.N.D.Ohio.1996); *In re Smallwood*, No. 94–14019 (Bankr.S.D.Ohio, May 2, 1995) (unpublished disposition); *see also In re Cushman*, 183 B.R. 139, 140 n. 1 (Bankr. N.D.Ohio 1995); *In re Morgan*, 179 B.R. 868 (Bankr.S.D.Ohio 1995) (neither reaching the merit, of the dispute as the cases *sub judice* arose prior to the Amendments). One court vigorously criticized *Dixon* and *Moreland* without reference to the 1994 Amendments.

*See In re Lynch*, 187 B.R. 536, 540–41 (Bankr.E.D.Ky.1995).

Each of the courts that have concluded that the 1994 Amendments overruled *Dixon* and *Moreland* have done so on the basis of Congress's stated intent. Recently, however, the district court for the Southern District of Ohio revisited this issue and concluded that "the 1994 Bankruptcy Code amendments do not permit the Debtors to avoid [the creditor's] judicial liens." *In re Holland*, No. C–1–96–745, slip. op. at 10 (S.D.Ohio 1997) (Beckwith, J.) (unpublished disposition). Judge Beckwith noted that the intent of Congress is irrelevant when the 1994 Amendments are plain on their face and clearly change only the impairment framework of § 522(f). *Id.* at 10 n. 4.

This court agrees. The basis of the Sixth Circuit's holding in *Dixon* was that Ohio's exemption statutes prevent debtors from taking their homestead exemption unless if there is a "judicial sale or other form of involuntary execution" pending. *Dixon*, 885 F.2d at 329–330. Because the homestead exemption was unavailable, the question of impairment was never reached. *In re Pine*, 717 F.2d at 282. A change in the method of calculating impairment under § 522(f) does not affect the state law issue, and thus *Dixon* and *Moreland* still govern. *Holland*, slip op. at 9–10; *see also First of Am. Bank v. Gaylor (In re Gaylor)*, 123 B.R. 236, 241 (Bankr.E.D.Mich.1991) ("[C]ourts in a circuit owe obedience to a decision of the court of appeals in that circuit and must follow it until the court of appeals sees fit to overrule it.").

■ Thus under the reasoning of *Dixon* and *Moreland*, as there has been no threat of a judicial sale or other form of involuntary execution in this case, the Debtor is not entitled to take his homestead exemption at this time. The Debtor may therefore not avoid National City's judicial lien under § 522(f), and it is not necessary to address National City's argument under § 522(f)(2)(C).

## PREFERENTIAL TRANSFER

Unlike the Debtor's § 522(f) argument, the Debtor's count for relief under § 522(h) is

not explicitly excepted from the adversary proceeding requirement. *See In re Wilkinson,* 196 B.R. 311, 315 (Bankr.E.D.Va.1996); *In re Dietrich,* No. 94–01326, 1994 WL 740455, at * 1 (Bankr.D.Idaho, Dec. 21, 1994); *In re Shorts,* 63 B.R. 2, 3–4 (Bankr.D.D.C. 1985) (all holding that the exception to Rule 7001 contained in Rule 4003(d) does not reach § 522(h) actions). That this count is in fact a § 547(b) action under another guise, reinforces the fact that such actions should be brought through adversary proceedings, as fraudulent transfer avoidance actions under § 547 are specifically required to be brought by adversary proceeding. FED.R.BANKR.P. 7001 (Advisory Committee Notes); *In re Sanglier,* 124 B.R. 511, 512 n. 2 (Bankr.E.D.Mich.1991).

■ Even so, the requirement to bring an action via an adversary proceeding may be waived by the party that the requirement seeks to protect. *In re Rowland,* 140 B.R. 206, 208 n. 1 (Bankr.S.D.Ohio 1992); *see also Wilkinson,* 196 B.R. at 315; *In re Jablonski,* 70 B.R. 381, 385 (Bankr.E.D.Pa.1987); *In re Shorts,* 63 B.R. at 3–4. In this case, as National City has responded to the Debtor's motion on its merits, it is the court's conclusion that "no purpose would be served by insisting on the technically correct procedure at this late date." *In re Rowland,* 140 B.R. at 208 n. 1.

Having so determined, the court will now consider the merits of the Debtor's § 522(h) preferential transfer claim. Section 547(b) of the Bankruptcy Code grants trustees the power to avoid preferential transfers of an interest in the debtor's property. The Sixth Circuit has stated that "[T]he purposes of section 547(b) are to facilitate equality of distribution among creditors of the debtor and to deter the "race of diligence" of creditors to dismember the debtor before bankruptcy." *Mandross v. Peoples Banking Co. (In re Hartley),* 825 F.2d 1067, (6th Cir.1987) (citing H.R.Rep. No. 595, 94th Cong., 1st Sess. 177–78 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 6138).

The Debtor argues that National City's judgment lien is avoidable as a preferential transfer under § 522(h) as the lien was filed less than 90 days before the Debtor's bankruptcy case was commenced, *see* 11 U.S.C. § 547(b)(4)(A), and as the trustee has not moved to avoid the lien as a preference. *See Hill v. Fidelity Fin. Servs. (In re Hill),* 152 B.R. 204, 206–207 (Bankr.S.D.Ohio 1993); *Fragapane v. Rabin (In re Fragapane),* 108 B.R. 585, 586 (Bankr.N.D.Ohio 1989). In response, National City argues that the Debtor's reliance on § 522(h) is misplaced, as § 522(h) only permits the Debtor to avoid transfers to the extent the Debtor could have exempted such property under § 52.2(b), *see* 11 U.S.C. § 522(g)(1), and as the Sixth Circuit's decisions in *Dixon* and *Moreland* prohibit the Debtor from applying his homestead exemption under these circumstances. *Moreland,* 21 F.3d at 105; *Dixon,* 885 F.2d at 329–330.

■ Though the plain meaning of § 547(b) permits only the trustee to directly avoid a preferential transfer, *see* 11 U.S.C. § 547(b) ("the *trustee* may avoid any transfer …") (emphasis added); *Hill,* 152 B.R. at 206, the provisions of § 522(h) state that

(h) *The debtor* may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had* avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (emphasis added). Thus the Debtor may only avoid National City's judgment lien under § 547 if the Debtor "could have exempted such property" under § 522(g)(1). Section 522(g)(1) states that:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, *to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—*

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property ...

11 U.S.C. § 522(g)(1) (emphasis added). The fact that Congress used the language "could have exempted such property" both in § 522(h) and in § 522(g), the section referenced therein, merely serves to reinforce the fact that Congress permits debtors to avoid liens only where there is impairment of an applicable exemption.

Thus, as in the case of § 522(f), in order for the Debtor to avoid a preferential transfer under § 522(h) the Debtor must first be entitled to claim an exemption in the property. The court has already determined that the Debtor is not entitled to claim his homestead exemption under Ohio Revised Code § 2329.66 and the Sixth Circuit's holdings in *Dixon* and *Moreland,* as the property in question is not subject to a "judicial sale or other form of involuntary execution." *See Dixon,* 885 F.2d at 330 It is therefore clear that the Debtor is equally not entitled to avoid National City's judgment lien under § 522(h).

## CONCLUSION

For the foregoing reasons the court finds that the Debtor is not entitled to avoid the judicial lien of National City Bank. As such, the Debtor's Motion to Avoid Lien of National City Bank [Doc. # 42–1] should be, and hereby is, DENIED.

IT IS SO ORDERED.