In re Ronald Dee WILLIAMS, fdba,
Redrock Sand & Gravel, Inc.,
Lynn P. Williams, Debtors.

No. BK–S–97–29883–RCJ.

United States Bankruptcy Court,
D. Nevada.

Argued and Submitted May 4, 1998.

Decided Oct. 15, 1998.

David M. Crosby, Las Vegas, NV, for plaintiff.

John P. Wanderer, Las Vegas, NV, for defendant.

## PARTIAL RULING ON DEBTORS' MOTION TO AVOID LIENS

ROBERT CLIVE JONES, Bankruptcy Judge.

### FACTS

In their personal chapter 7 bankruptcy case, Debtors filed a motion to avoid liens on their homestead property under 11 U.S.C. § 522. Debtors argue that certain judgment liens impair their Nevada homestead exemption. An opposition was filed by Robert Cochrane, Trustee for Redrock Sand & Gravel, Inc, and Ron Williams Construction, Inc. These entities have recorded a judgment lien against the homestead property.

This Court has taken under submission the legal issue raised by the Trustee's Opposition of whether the Nevada homestead exemption can be impaired absent a forced sale.

## ISSUE

Under the Nevada homestead exemption statute, can a judicial lien impair the homestead absent a forced sale?

## DISCUSSION

■ Nevada has opted out of the federal exemptions listed in 11 U.S.C. § 522(d). Nev.Rev.Stat. § 21.090(3). The Nevada Constitution authorizes state laws "exempting a reasonable amount of property from seizure or sale for payment of any debts or liabilities...." Nev. Const. art. 1, § 14. The Nevada statutes provide a specific list of property that may be claimed as exempt. In particular, N.R.S. § 21.090 states:

1. The following property is exempt from execution, except as otherwise specifically provided in this section:

. . .

(1) The homestead as provided for by law.

Nev.Rev.Stat. § 21.090(1)(*l*).[1] The Nevada homestead exemption statute states:

1. The homestead is not subject to forced sale on execution or any final process from any court, except as provided by subsections 2 and 3.

2. The exemption provided in subsection 1 extends only to that amount of equity in the property held by the claimant which does not exceed $125,000 in value.

Nev.Rev.Stat. § 115.010.

The Debtor argues that the lien clearly impairs the homestead exemption and should be avoided. The Trustee emphasizes that Nevada's homestead statute states that it specifically protects only against "forced sale on execution or any final process from any court...." Nev.Rev.Stat. § 115.010. Section 21.090 also states only that the property is "exempt from execution." The Trustee thus argues that the Nevada statute provides the debtors with an exemption that may be impaired only in the context of a forced sale. Therefore, the Trustee concludes, the judicial lien is not avoidable. The court has taken under submission the legal issue of the trust-

ee's interpretation of the Nevada statute and impairment analysis.

This case was filed in 1997 and therefore the 1994 amendments to the Bankruptcy Code apply. *See In re Nielsen,* 197 B.R. 665, 669 n. 3 (9th Cir. BAP 1996). The issue of whether an exemption is impaired by a judicial lien is answered by the application of 11 U.S.C. § 522(f)(2)(A). That section states:

(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). This subsection provides a straightforward, mathematical approach for determining if an exemption is impaired. *In re Wilson,* 90 F.3d 347, 350 (9th Cir.1996). Thus the Trustee's fundamental argument is not regarding the impairment of the exemption, but rather, absent a forced sale, whether the debtor has an exemption capable of being impaired.

The Trustee's argument is based on several Ohio cases that follow *In re Dixon,* 885 F.2d 327 (6th Cir.1989). These Ohio cases apply an Ohio homestead statute which exempts property "from execution, garnishment, attachment, or sale to satisfy a judgment." *In re Colston,* 213 B.R. 704, 706–07 (Bankr.S.D.Ohio 1997) (quoting Ohio Rev. Code Ann. § 2329.66). These cases essentially held that the Ohio homestead exemption does not become effective unless a forced sale is pending, and that a lien can be avoided only when the exemption becomes effective. The 1994 amendments to the Bankruptcy Code included the addition of § 522(f)(2)(A), which was specifically intended to eliminate the result in *Dixon.* H.Rep. No. 103–835, at 159–61 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361–62. Moreover, the Ninth Circuit Bankruptcy Appellate Pan-

1. An amendment to this subsection became effective July 1, 1998. Debtors filed their petition on December 24, 1997. The amendment is not relevant to the issue currently before the court.

el expressly rejected the reasoning of *Dixon* prior to the 1994 amendments.[2] *In re Herman*, 120 B.R. 127, 132 n. 7 (9th Cir. BAP 1990). Despite the intent of the 1994 amendments, some Ohio bankruptcy courts continued to follow *Dixon*. *In re Holland*, 215 B.R. 861 (S.D.Ohio 1997); *In re Colston*, 213 B.R. 704 (Bankr.S.D.Ohio 1997). However, the Sixth Circuit has finally rejected this analysis. *In re Holland*, 151 F.3d 547 (6th Cir.1998).

The legislative history to § 522(f)(2)(A) makes clear that this subsection was specifically intended to avoid the result that the Trustee here advocates. The history to § 522(f)(2)(A) states:

The decisions that would be overruled involve several scenarios....

The third situation is in the Sixth Circuit, where the Court of Appeals, in *In re Dixon*, 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem.

H.Rep. No. 103–835, at 159–61 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3361–62

2. *Herman* specifically dealt with the California undeclared or "automatic" homestead exemption that provides an exemption for the proceeds from a forced sale. *Herman* and its progeny start with the proposition that in bankruptcy, the filing of the bankruptcy petition constitutes an attempt by the trustee to levy on the property. *In re Mayer*, 167 B.R. 186, 189 (9th Cir. BAP 1994); *In re Herman*, 120 B.R. 127, 130 (9th Cir. BAP 1990). Those cases conclude that in "determining a debtor's entitlement to the automatic homestead exemption, the hypothetical levy is the functional equivalent of a forced sale under California law." *In re Mulch*, 182 B.R. 569, 574 (Bankr.N.D.Cal.1995) (citing *In re Mayer*, 167 B.R. at 189; *In re Morgan*, 149 B.R. 147, 153 (9th Cir. BAP 1993)). These cases held that the exemption is available to the debtor even absent a pending forced sale.

(quoted in *Holland*, 151 F.3d at 549). *See also In re Richardson*, 224 B.R. 804, 810–11 (N.D.Okla. Sept. 1, 1998) (quoting a similar Floor Statement).

The Trustee argues that the legislative history must be ignored because the statutory language is clear. Yet the overall statutory analysis required here is consistent with the legislative history. In order to determine whether a lien should be avoided on the ground that it impairs a debtor's homestead exemption, the court must undergo a two-step process. The first step is to utilize state law in deciding whether a valid judicial lien attached to the debtor's property. *In re Nielsen*, 197 B.R. 665, 667–68 (9th Cir. BAP 1996) (citing *In re Jones*, 180 B.R. 575, 577 (9th Cir. BAP 1995)). Once the court determines that a lien did attach to the debtor's property, the court must then ascertain whether the lien impairs the debtor's exemption in bankruptcy. "Whether a particular lien impairs an exemption is an issue of federal bankruptcy law." *Id.* (quoting *Chabot*, 992 F.2d at 894.) "The Supreme Court has defined an exemption as a property 'interest withdrawn from the [bankruptcy] estate (and hence from the creditors) for the benefit of the debtor.'" *In re Holland*, 151 F.3d 547, 548 n. 2 (1998) (quoting *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)).

On this precise issue of the interplay between state law exemptions and federal law lien avoidance, an Oklahoma court has recently stated:

However, the continued vitality of this analysis is debatable. Without considering the cases cited above, other decisions have held that the California automatic homestead exemption was unavailable outside the context of a forced sale even though the debtor was in bankruptcy. *In re Wilson*, 90 F.3d 347, 350–51 (9th Cir.1996); *In re Amiri*, 184 B.R. 60, 63 (9th Cir. BAP 1995).

In any event, all of these decisions were rendered in cases to which the 1994 Bankruptcy Code amendments did not apply. *See Amiri*, 184 B.R. at 61 n. 3 (stating that "there would be a different result" if § 522(f)(2) were applicable). The present case is distinguishable in that it applies the 1994 amendments and a different homestead exemption.

While federal law permits states to select the property that is exemptible, federal law exclusively governs the field of lien avoidance, thereby pre-empting any state law that limits the scope of its exemptions in a way that would interfere with the 'fresh start' policy served by the avoidance of certain types of liens—liens which Congress has determined should not appropriately survive bankruptcy.

. . .

Congress, therefore, has determined that judicial liens that have attached to any property that a debtor claims as exempt may be avoided. Congress was capable of making exceptions to its judicial lien avoidance policy, as the lien avoidance statute provides that judicial liens that secure the performance of certain domestic relations orders are not avoidable, see 11 U.S.C. § 522(f)(1), but Congress did not create an exemption that would allow states the right to legislate around Section 522's lien avoidance mechanism.

*In re Richardson*, 224 B.R. 804, 808. Similarly, in the Sixth Circuit's decision in *Holland*, the court reasoned:

One of the purposes of bankruptcy is to allow for the fair treatment of similarly situated creditors, thus preventing creditors' rights from being determined by a race to the courthouse. Another purpose is to provide the debtor with a fresh start. It cannot be disputed that if a judgment creditor [were] allowed to retain its lien on the real property of the debtor . . . it [would] very likely be able to ascertain the payment of its debt that other creditors, otherwise similar to the judgment creditor, would not be able to obtain. Thus, the judgment creditor [would be] allowed to circumvent the treatment of other creditors under the Bankruptcy Code simply because it [had] raced to the courthouse, obtained a judgment, and placed a lien on the debtor's fully encumbered real property. Further, the debtor would probably be precluded from ever gaining any equity in the property, therefore impairing his fresh start.

*Holland*, 151 F.3d at 550–51 (quoting *In re Miller*, 198 B.R. 500, 505 (Bankr.N.D.Ohio 1996)).

 This Court agrees with the statutory analysis provided by *Holland* and *Richardson*. In bankruptcy, "whether a lien 'impairs' an exemption may be determined in every case by simply applying the formula set forth in § 522(f)(2), regardless of the limitations on the exemption contemplated by state law." *Richardson*, 224 B.R. 804, 811. The Nevada homestead exemption is not limited to the forced sale context. The homestead exemption may be impaired although a forced sale is not pending.

### CONCLUSION

The court concludes as a matter of law that in bankruptcy, the Nevada homestead exemption may be impaired absent a forced sale. This decision is not intended to render any finding of fact as to actual impairment in this case.

IT IS SO ORDERED.