[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Murray S. Monroe and Wayne Guckenberger, appeal the judgment of the Hamilton County Court of Common Pleas denying their motion to revive a dormant judgment against defendant-appellee, Richard K. Berger. For the following reasons, we affirm the trial court's judgment.
Monroe and Guckenberger are assignees of a judgment debt owed by Berger to Provident Bank. The judgment was entered by the trial court in favor of Provident on April 12, 1991. On May 31, 1991, the trial court issued a charging order pursuant to R.C. 1775.27 against Berger's interest in Amelia Estates Limited Partnership.
In July 1991, Berger filed for Chapter 7 bankruptcy in Florida. On November 22, 1991, Berger was granted a discharge of his debts in bankruptcy, and the amount of the judgment debt was allowed as an unsecured claim.
On November 13, 1997, Monroe and Guckenberger filed a motion to revive the dormant judgment pursuant to R.C. 2325.15. The trial court denied the motion, and the instant appeal followed.
In three assignments of error, Monroe and Guckenberger argue that the trial court erred in overruling the revivor motion. They argue that the 1991 charging order created a lien that survived bankruptcy and that they should be permitted to foreclose on the partnership assets.
We are not persuaded that the trial court erred. Although Monroe and Guckenberger argue strenuously that the charging order created a lien that survived the bankruptcy discharge, the relief that they sought in the trial court was the revivor of the underlying judgment. As Monroe and Guckenberger themselves concede, the underlying judgment debt was discharged in bankruptcy.[1] Their attempt to revive the judgment was therefore properly rejected by the trial court.
Because the only judgment on appeal is the denial of the revivor motion, we are foreclosed from ruling upon the viability of the purported lien created by the 1991 charging order. As Monroe and Guckenberger acknowledge in their brief, they could have attempted to foreclose on the lien through the appointment of a receiver pursuant to R.C. 1775.27. The issues that such an action would raise, however, are not before us at present. The three assignments of error are overruled, and the judgment of the trial court is affirmed.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] See In Re Bursee (N.D.Ohio. 1991) 142 B.R. 167.